## THE STATE v. ALBERT VICKERY.

In order to constitute the offence of obtaining money, goods, &c., under false pretences, it is essential that the owner should have intended to part with the right of property; and it is this which distinguishes this offence from the crime of larceny, in cases of a constructive taking, where one, with a felonious intent to convert the goods to his own use, obtains possession of them by some trick or artifice.

To obtain the possession of a certificate and field notes, the property of another, from a Surveyor, upon pretence of an interest in the land, and a desire to return the certificate and field notes to the General Land Office for patent, but really with a fraudulent intent to convert them, or to suffer the time for their return to expire, and then appropriate the land by other certificate or pre-emption claim, is larceny, and not obtaining chattels by false pretences.

Appeal from Wood. Tried below before the Hon. Charles A. Frazer.

Charging part of indictment as follows: That Albert Vickery, late of the said county of Wood, laborer, being a person of vicious and disorderly habits, and fraudulently intending to defraud and swindle the heirs of St. Clair Patton, deceased, who are to the grand jurors unknown, out of the property hereinafter mentioned, on the 16th day of June, in the year of our Lord one thousand eight hundred and fifty-three, in the county of Wood aforesaid, with force and arms, fraudulently represented to Albert A. Nelson, District Surveyor of Nacogdoches Land District, that he, said Albert Vickery, was interested in a certain land certificate for six hundred and forty acres of land, issued to said St. Clair Patton, then and there being the property of the heirs of the said St. Clair Patton, which heirs are to the grand jurors unknown, said certificate being of the value of one hundred and fifty dollars; and also, that he was interested in the land and field notes of a survey of six hundred and forty acres of land, then and there situate in the said county of Wood, surveyed by virtue of the afore-

said land certificate, the property of the aforesaid heirs of St. Clair Patton, who are to the grand jurors unknown, and then of the value of one thousand dollars; and said Albert Vickery then and there falsely and fraudulently representing himself to be interested in said certificate and field notes of said survey, then and there by a written letter, desired the said Albert A. Nelson to deliver said certificate and field notes to him, the said Albert Vickery, falsely and fraudulently pretending that he desired to send the said certificate and field notes on to the General Land Office at Austin before the thirty-first day of August, in the year of our Lord one thousand eight hundred and fifty-three, which said letter, then and there signed by the said Albert Vickery, and to the said grand jury now here shown and proven, is in substance as follows, to-wit: State of Texas, County of Wood, June 16th, 1853. Dear Sir, I wish, if you please, you would examine your office and see if the field notes of the surveys of land made in this county, for 640 acres each, that lie adjoining each other, and bounded on the west by W. Tollett's league No. 81, which lies on both sides of lake fork of Sabine river. One of the said surveys was made in the name of S. C. Patton, and the other was made in the name of W. H. Patton, No. —. The said surveys were made several years ago, and as I have an interest in them, and I am informed the law is, if the field notes are not returned to the General Land Office at Austin, by the 31st day of August, next, that the land will be vacant and liable to entry by any other person. If the field notes are lifted and sent on, all is right; and if they are not, I want to lift them; and if so, please send what your fees will be, and I will pay them myself, and send them on within the time allowed by law. If you will be as good as to give me the required information, I shall be under a particular obligation; besides, I will give you any compensation for your trouble you will claim, by mail or first safe chance; or, if I come or send after them, I will reward you for your trouble. The Pattons made three sur-

veys in a range north and south. The north one I have nothing to do with ; and in so doing, you will confer a lasting favor on your friend, Albert Vickery.

Albert Nelson, General Surveyor of Nacogdoches District.

And by means thereof, and by the false and fraudulent representations of the said Albert Vickery, he procured and induced the said Albert A. Nelson, the District Surveyor aforesaid, General Surveyor of Nacogdoches District, the said Albert A. Nelson then and there having the possession and control of said certificate and field notes, to deliver the same to him, the said Albert Vickery, the said Albert Vickery then and there not having any interest whatever in said land certificate, field notes and land surveyed, by virtue of said cer· tificate ; and then and there not having any right or authority from any person whatever to demand and receive said field notes and certificate ; and then and there not intending to send said certificate and field notes to the General Land Office at Austin, but fraudulently intending to suppress said field notes, that said land might become vacant ; and fraudulently intending to convert said headright certificate to his own use ; and the said Albert Vickery then and there did fraudulently suppress said field notes, and failed and neglected to send the same to the General Land Office at Austin, by the thirty-first day of August, in the year of our Lord one thousand eight hundred and fifty-three, or at any time since, by means whereof the said land became vacant ; and that afterwards, to-wit : on the twenty-fourth day of January, in the year of our Lord, one thousand eight hundred and fifty-four, the said Albert Vickery applied to the Surveyor of the said county of Wood, at the office of the County Surveyor of the said County of Wood in said county, to survey a part of said tract of land for said Vickery, by virtue of an affidavit made by said Albert Vickery, alleging said land to be vacant, and claiming one-half of the same as his pre-emption right ; and the grand jurors further allege that the said Albert having so fraudulently and

by means of the aforesaid false pretences, obtained possession of the headright certificate of St. Clair Patton, then and there fraudulently converted the same to his own use, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

Motion to quash on the following grounds: 1st. Said indictment does not contain sufficient subject matter to constitute an offence known to the laws.

2nd. If it contains subject matter sufficient to constitute an indictment, it is duplicitous, in this, that it describes more offences than one.

3d. That said indictment is defective in this, that it does not describe sufficiently the prosecuting person injured, nor the property out of which said prosecutor was defrauded or swindled.

4th. That it contains facts ——————— to those affirmatively alleged in said indictment.

5th. That said indictment is informal, uncertain and insufficient in law.

The Court sustained the motion to quash.

*Attorney General,* for appellant. The enactment supposed to be violated by the defendant provides, " that whoever shall " falsely or deceitfully obtain or get into possession, any mon- " ey, goods, chattels, notes or bank bills, by color and means " of some false token, or any false pretence whatever, on con- " viction thereof, shall," &c.

Cases of this description are necessarily variant in their circumstances. The charge here is distinctly set forth, and consists in having falsely procured possession of a land certificate, thereby cheating and defrauding the proper owners.

I cannot well see how a case could be presented coming more fully within the meaning of the law.

There is no valid objection to the indictment on the ground of duplicity. The indictment, with much precision, sets forth

the circumstances attendant upon the fraudulent transaction ; but it is all one transaction, however many false pretences. or devices were resorted to .for the purpose of effecting the end in view.

The third objection has no greater weight.  The persons intended to be defrauded, are said to be unknown, but are sufficiently described as heirs of St. Clair Patton. The property obtained is averred to be a land certificate, the number of acres and name of grantee being given.

As to the fourth objection, it is difficult to perceive in what particular the indictment is defective.  It is specific in detailing the whole transaction, and if the substantial charge comes within the law, it is certainly alleged with sufficient clearness.

*T. W. Jones,* for appellee.  If the facts charged in the indictment are sufficient in law to convict the defendant of any offence at all, it is the offence of Larceny, and not of swindling, within the meaning of the law.

To constitute- a technical swindling, the District Surveyor, Nelson, in this case, must have parted with the right of property in the certificate and field notes, when he let the defendant have them.    (See Archbold's Criminal Pleading, vol. 3, page 467 ; also, 2nd Vol., same author, page 372, and note 1, and authorities there cited.)

WHEELER, J.  In order to constitute the offence of detaining money, goods, &c., under false pretences, it is essential that the owner should have intended to part with the right of property ; and it is this which distinguishes this offence from the crime of larceny, in cases of a constructive taking, where one, with a felonious intent to convert the goods to his own use, obtains possession of them by some trick or artifice, by which he acquires the possession only, but which has not the effect of transferring any right of property in the goods, from the owner to the party thus obtaining the possession.  If there is clearly no change of property, nor of legal possession, but the legal

possession remains exclusively in the owner, it will be larceny ; but if a right of property passes, the offence is not larceny, but the obtaining of goods under false pretences. This distinction is clearly stated by Mr. Archbold in his treatise on Criminal Procedure, and illustrated by numerous cases in the text and notes to the sixth edition, under the title " Larceny." (2 Arch. Cr. Pl. 372.) In treating of the offence of obtaining money, &c., under false pretences, he says : " In order to convict a man of obtaining money or goods under false pretences, it must be proved that they were obtained under, such circumstances, that the prosecutor meant to part with his right of property in the thing obtained, and not merely with the possession of it ; if the prosecutor part with the possession only, and not the right of property, we have seen that the offence is larceny, and not an obtaining of money under false pretences." (3 Id. 467.) If, therefore, the offender be indicted for obtaining money or goods under false pretences, and it turns out on trial that his offence was larceny, he must formerly have been acquitted ; but now, by the Statute 7 and 8 G. 4, c. 29, s. 53, it is provided that the offender shall not, by reason of such mistake, be acquitted of the misdemeanor. (Ib.) We have no such statute ; and the consequence is, that if it appear by the indictment that the offence, if any, is larceny, and the indictment be not sufficient to put the accused upon his trial for that offence, he cannot be convicted, and it will be proper to quash the indictment. It is not averred that the owner of the certificate and field notes, in this case, parted, or intended to part, with the right of property. This essential ingredient in the offence sought to be charged, is wanting. The indictment, therefore, is not sufficient to put the accused upon his trial for the offence of obtaining the certificate, &c., under false pretences. Nor is it sufficient to put him upon trial for larceny.*

---

* It would seem that the indictment would be a good indictment for theft, under the Penal Code. (See Art. 745.)

(Id. 362, n ; 1 Hawk. c. 33, s. 2.)   There was, therefore, no error in quashing the indictment, and the judgment is affirmed.

Judgment affirmed.