STATE v. C. E. RIDGE.

(Decided November 28, 1899.)

*Indictment—False Pretences—Intent to Defraud.*

1. Sec. 1025 of The Code renders it unnecessary to charge an intent to defraud any particular person; it will be sufficient to prove that the act was done with intent to defraud.

2. Nor is it necessary to allege any ownership of the chattel, money or valuable security obtained by the false pretences.

3. While surplusage does not vitiate, indictments for false pretence should charge only the intent to defraud, omitting the name of the person intended to be defrauded, also the name of the owner of the property obtained by the false pretence.

INDICTMENT for obtaining goods and money by false pretences from W. D. Stedman & Co., with intent to defraud said W. D. Stedman & Co., tried before *Robinson, J.,* at July Term, 1899, of the Superior Court of RANDOLPH County. The defendant was convicted, and from the judgment rendered appealed to the Supreme Court. The exceptions taken are noted in the opinion.

*Mr. J. T. Morehead,* for appellant.
*Attorney-General,* for State.

CLARK, J. The defendant in this case is indicted for obtaining goods by false pretences. The paper writing is in all respects similar to the one, for the forgery of which, the same defendant was convicted in the preceding case. The exception that the paper in proof was partly in writing and partly printed is disposed of by the opinion in that case, as is the exception as to the additional words "Randolph County," printed on the margin of the paper.

The defendant further excepts in this case that the State was permitted to show that the blank which was filled out was similar to the blanks upon which genuine county orders were filled out.   We see no ground to sustain the exception.

The Court properly refused the prayer that there was a variance because of the aforesaid words on the margin, or that there was no evidence that the defendant represented the paper as an original order.   The words "a true copy" written on county orders do not purport that they are not originals, but that they correspond with the original order entered on the minutes by the County Commissioners.   They are, in fact, the originals so far as the public are concerned.

The Court also properly refused to charge that, if Stedman, of the firm of Stedman & Co., gave the defendant his check in payment of the said alleged forged orders, the defendant is not guilty as charged.   This is based upon the ground that the indictment charges an intent to cheat Stedman & Co., whereas the check was that of Stedman alone, but sec. 1025 of The Code, provides not only that in an indictment for this offense, it shall not be necessary to charge an intent to defraud any particular person, which *per se* would make the charge of an intent to defraud the firm surplusage, and like any other surplusage, not required to be proved, but it is expressly added that "it shall not be necessary to prove an intent to defraud any particular person, but it shall be sufficient to prove that the party accused did the act with intent to defraud."   *State v. Burke,* 108 N. C., 750.

The statute, Code, sec. 1025, further provides that it shall not be necessary to allege "any ownership of the chattel, money or valuable security" obtained by the false pretences, which renders the allegation of ownership thereof in Stedman & Co., surplusage, like the day of the month, and like matters which need not be proved, though charged, and dis-

penses with the consideration of the exception that the ownership of the check obtained was not proved to be in them.

Solicitors, in drawing indictments for false pretence, should properly charge only the intent to defraud, leaving out the name of the person intended to be defrauded, and, likewise, that of the owner of the property obtained by the false pretence, but surplusage does not vitiate.

No error.