STATE v. TAYLOR.

(Filed September 30, 1902.)

1. FALSE PRETENSES—*Agency—The Code, Sec. 1025.*

> It is sufficient, to constitute the offence of obtaining goods under false pretenses, that the false representations were made to an agent of the owner of the goods.

2. FALSE PRETENSES—*Agency—The Code, Sec. 1025.*

> In an indictment for false pretenses, the fact that the false representations were made to an agent of the owner of the property, and that the agent was not empowered to pass title to the property, does not change the offence to larceny.

3. FALSE PRETENSES—*Indictment—The Code, Sec. 1025—Acts 1891, Chap. 205.*

> An indictment for false pretenses must charge that the offense was done feloniously.

INDICTMENT against D. L. Taylor, heard by Judge *George H. Brown,* at August Term, 1902, of the Superior Court of CRAVEN County. From an order quashing the indictment, the State appealed.

*Robert D. Gilmer, Attorney-General,* and *D. L. Ward,* for the State.

*W. D. McIver,* for the defendant.

COOK, J. Counsel for the defendant moved to quash the bill of indictment on the ground that the facts stated therein did not constitute an indictable offence, and for defects apparent on the bill. His Honor sustained the motion to quash upon the ground that the facts set out in the bill did not constitute the offense of obtaining goods under false pretenses, and then offered to grant leave to the Solititor to send a new bill to the Grand Jury. The Solicitor declined to send a new bill, upon the ground that the bill stated facts relied on, and excepted and appealed.

The bill of indictment was as follows: "The jurors for the State, upon their oaths present, that D. L. Taylor, late of the county of Craven, on the ... day of May, 1899, at and in the county of Craven and State aforesaid, unlawfully and knowingly, designing and intending to cheat and defraud Emma Wynne, of her goods, moneys, chattels and property, did then and there unlawfully and designedly falsely pretend to one Mike Fisher, the agent of the said Emma Wynne, knowingly, that a certain cow then in the possession of said Mike Fisher, agent of said Emma Wynne, the property of the said Emma Wynne, was his cow. That said Emma Wynne had sold the said cow to him, D. L. Taylor, for a debt of $10, due him by the mother of the said Emma Wynne. Whereas, in truth and in fact, had not sold or transferred the said cow to him, the said D. L. Taylor, as he, the said D. L. Taylor, then and there knew to be false, by color and means of which said pretense and pretenses, he, the said D. L. Taylor, did then and there unlawfully, knowingly and designedly obtain from the said Mike Fisher, agent of said Emma Wynne, the said cow, being then and there the property of the said Emma Wynne, with intent to cheat and defraud the said Emma Wynne, to the great damage of the said Emma Wynne, contrary to the form of the statute of such case made and provided, and against the peace and dignity of the State."

Section 1025 of The Code, under which this bill is drawn, prescribes: "That if any person shall knowingly and designedly, by means of   *   *   *   or other false pretense whatsoever, obtain from any person   *   *   *   any money, goods or property or other thing of value   *   *   *   with intent to cheat or defraud any person,   *   *   *   such person shall be guilty of a misdemeanor for fraud and deceit, and imprisoned in the penitentiary   *   *   *   *Provided further,* That it shall be sufficient in any indictment for ob-

taining or attempting to obtain any such property by false pretenses, to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person, and without alleging any ownership of the chattel, money or valuable security; and on the trial of any such indictment, it shall not be necessary to prove an intent to defraud any particular person, but it shall be sufficient to prove that the party accused did the act charged with the intent to defraud."

Counsel for defendant contends that the bill can not be sustained, because the false representations are charged to have been made to the *agent* and not to the principal. This contention can not be sustained; for it is well settled that it is not necessary that the pretense should be made to the principal, but if made to an agent, by means of which the property of the principal is obtained, it is sufficient. McLain on Criminal Law, Vol. I, Sec. 683; *State v. Crawley,* 39 N. J., 264; Wharton Crim. Law., Sec. 2145.

Counsel further argued, that if the above contention is not sound, then the agent was entrusted with the *possession only* of the property, and had no authority to pass the title of the principle to the defendant; and if so, then, inasmuch as only the *possession* passed, and the owner, his principal, did not *part* or intend to part with her *title,* a bill for false pretense will not lie. Upon general principle this is so, for that, if the possession was obtained by fraud with intent, at the time of receiving it, to convert to his own use, and the owner intended to part with the possession *only,* and not with the *title* to the property, the offense would be larceny; while, if the owner intended (though upon the fraudulent representation) to part with the title as well as possession, it would be a case of obtaining goods under false pretense. This position is well sustained by the authorities. *Smith v. People,* 53 N. Y., 111; 13 Am. Rep., 474; *Reg v. Robins,*

6 Cox Crim. Cases, 420; *Kelly v. People,* 13 N. Y., 509;
*Reg v. Kilhan,* 11 Cox Cr. Cases, 561; *State v. Vickery,*
19 Tex., 326; *Pitts v. State,* 5 Texas, 122; *Com. v. Barry,*
124 Mass., 325.

But our statute so modifies the general principle that the
question of title or ownership is not material. It provides
that it shall be sufficient to allege that the party accused did
the act "without alleging any ownership of the chattel," and
on the trial it shall be sufficient to prove that the party ac-
cused did the act charged with an intent to defraud, without
alleging an intent to defraud any particular person. So, the
gravamen of our statutory offence is the fraudulent obtain-
ing possession of the property with the *intent to cheat and de-
fraud,* and it is not necessary to allege or prove that any per-
ticular person was cheated, or who owned the property. The
intent of the Legislature, with reference to the principle in-
volved, is *expressly* stated in the statute itself, and is as fol-
lows: "*Provided,* That if on the trial of any one indicted
for such misdemeanor it shall be proved that he obtained
the property in such manner as to amount to larceny, he
shall not by reason thereof be entitled to be acquitted of the
misdemeanor, and no person tried for such misdemeanor
shall be liable to be afterwards prosecuted for larceny upon
the same facts."

His Honor erred in quashing the bill, upon the grounds
stated, to-wit, that the facts set out in the bill do not consti-
tute the offence of obtaining property under false pretense
under our statute.

But counsel further contends that the bill is insufficient, in
that it fails to charge that the offence was done feloniously.
This exception to the bill is sustained, and for this reason it
should have been quashed. Acts 1891, Chap. 205; *State v.
Skidmore,* 109 N. C., 795.

Affirmed.