## STATE v. G. W. BROWN.

(Filed 24 November, 1915.)

**1. Constitutional Law—Police Powers—State Control—Federal Review.**

The police power of a State is inherent in the State, and never having been granted to the Federal Government (IVth Amendment, Federal Constitution), and being in no wise curtailed by the XIVth Amendment to the Federal Constitution, the State laws and courts are not subject to review as to the form of indictment and the matters of criminal procedure.

**2. Same—Intoxicating Liquors—Criminal Law—Indictment—Particular Persons Named.**

Laws 1913, ch. 44, sec. 6, relating to intoxicating liquors, and providing that in an indictment for violating the act "it shall not be necessary to allege the sale to a particular person," is constitutional and valid, and not in contravention of the Federal Constitution. *Semble,* it would not be necessary to charge the sale to a particular person in the absence of statutory provision.

APPEAL by defendant from *Long, J.,* at March Term, 1915, of GASTON.

*Attorney-General Bickett, Assistant Attorney-General Calvert, and S. J. Durham for the State.*
*Carpenter & Carpenter for defendant.*

CLARK, C. J. The defendant was indicted for selling intoxicating liquors. The only question arises on an exception to the refusal of a motion in arrest of judgment upon the ground that the indictment was defective because it did not set out the name of the person to whom the liquor was sold.

Laws 1913, ch. 44, sec. 6, provides: "In indictments for violating this act it shall not be necessary to allege the sale to a particular person, and the violation of law may be proven by circumstantial evidence as well as by direct evidence."

In Black on Intoxicating Liquors, sec. 464, where the precedents are collected, the great weight of authority is that in indictments for the illegal sale of liquor it is not necessary (even without such statute) to name the persons to whom it was sold. In *S. v. Muse,* 20 N. C., 463, it was held that on an indictment for selling liquor near a church it was not necessary to name the vendee.

It has always been held that it was sufficient to charge the sale to have been made to "a person or persons to the jurors unknown." In *S. v. Tisdale,* 145 N. C., 422, it was held (by a divided Court) that while this might be done, the indictment was not sufficient, if the name of the vendee was omitted, without an allegation that the name of the vendee was unknown to the jurors. It was in consequence of this, doubtless, that the provision of the law of 1913 above cited was enacted, which now provides that "It shall not be necessary to allege the sale to a particular person."

There is nothing that restricts the power of the Legislature to so provide. In like manner, as to indictments for embezzlement, it is provided: "It shall be sufficient to allege in the indictment an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded." Revisal, 3253.

Also, as to the offense of false pretense, Revisal, 3432, provides: "It shall be sufficient in any indictment for obtaining, or attempting to obtain any such property by false pretenses to allege that the party accused did the act with the intent to defraud, without alleging an intent to defraud any particular person; but it shall be sufficient to prove that the party accused did the act charged with an intent to defraud." This was sustained in *S. v. Ridge,* 125 N. C., 658; *S. v. Howard* (the "Gold Brick" case), 129 N. C., 660; *S. v. Taylor,* 131 N. C., 714, and the indictment was held sufficient in several other cases cited in Pell's Revisal under section 3432. *S. v. Burke,* 108 N. C., 750; *S. v. Skidmore,* 109 N. C., 796, and others.

In Revisal, 3435, it is provided as to indictments for disposing of mortgaged property: "In all indictments for violation of the provisions of this section it shall not be necessary to allege or prove the person to whom any sale or disposition of the property was made." As to yet other offenses there are similar provisions.

The police power is inherent in the original sovereignty of the State, and the XIVth Amendment in no wise curtails it. Brannon's XIVth Amendment, 107; *Strader v. Graham,* 10 How., 82; *Barbier v. Connelly,* 113 U. S., 27; *Powell v. Pennsylvania,* 127 U. S., 678.

The criminal jurisdiction was never granted to the Nation, and it is left to the States, both because never granted away and because the Xth Amendment provides that all powers not granted to the Federal Government are reserved to the States. *McElvain v. Brush,* 142 U. S., 155.

It has been often held that the State can, if its constitution permits, even dispense with an indictment for felony, and try on information. *Hurtado v. California,* 110 U. S., 537; *Bolln v. Nebraska,* 176 U. S., 86, and cases there cited; and this is true where the charge is for murder, as in *Caldwell v. Texas,* 137 U. S., 692; *Maxwell v. Dow, ib.,* 584.

A State may adopt such form of indictment, or even dispense with the indictment and with the finding of a grand jury, or prescribe what is necessary in any indictment or information. Brannon XIVth Amendment, 289; *Bergeman v. Backer,* 157 U. S., 655; *Moore v. Missouri,* 159 U. S., 673. Whether an indictment in a State court is sufficient to set out the charge is a matter for the State court, and presents no Federal question. *Moore v. Missouri,* 159 U. S., 673; *Howard v. North Carolina,* 191 U. S., 135, on writ of error from this Court, affirming *S. v. Howard* (the "Gold Brick case"), 129 N. C., 584. The above cases and others affirming the same principle, that the State laws and

State courts are not subject to review as to the forms of indictment and the methods of criminal procedure, have been cited and approved recently in *Frank v. Mangum,* 237 U. S., 309; see, also, Brannon XIVth Amendment, 417; *New York v. Eno,* 155 U. S., 89.

No error.