## STATE v. G. A. HEFNER.

*False Pretense—Horse Trading.*

To sustain an indictment under the statute for obtaining goods by false pretence, there must be a false representation of a subsisting fact, &c. *State* v. *Phifer*, 65 N. C., 321. The statement of an opinion even if false will not sustain such an indictment. To say that the eyes of a horse are sound is merely the expression of an *opinion*, but to say " that there never has been anything the matter with the eyes of the horse," is the statement of a *fact*, which if false is within the statute and indictable.

(*State* v. *Phifer*, 65 N. C., 321, cited and approved.)

INDICTMENT for false pretence, tried at Fall Term, 1880, of TRANSYLVANIA Superior Court, before *Gilmer, J.*

The defendant was tried upon two bills of indictment the one found at the spring term, 1880, and the other at the fall term, of said court, for obtaining a mule, the property of one Joseph Kemp, by false pretences.

The assignments of the false pretences in the first bill were that a mare which the defendant exchanged for the mule was sound, that there had never been anything the matter with the said mare, and that there had never been anything the matter with the eyes of the said mare, which assignments were negatived by the averments that the eyes of the mare were weak, diseased and unsound, and that the mare was wind-broken, and was then and there subject to a certain disease known as cholic.

The assignments in the second bill were that the mare was sound, and had sound eyes, which were negatived by the averments that the said mare was not sound, and the eyes of the said mare were not sound, but that she was diseased, and then and there was subject to a certain disease,

commonly known as wind-sucking, and other diseases, to the jurors unknown.

There was evidence tending to show that the mare had weak eyes, and had been treated for the "hooks," that she was also what is called a wind-sucker, that the defendant represented to the prosecuting witness that her eyes were sound, and that nothing had ever been done in the way of doctoring her for diseased eyes. That the prosecutor, relying upon these statements of the defendant, exchanged his mule for the mare, and she afterwards became worthless and died.

There was a verdict of guilty and a motion in arrest of judgment, upon the ground that the bill of indictment charged no offence against the criminal law. Motion sustained, and the state appealed.          •

*Attorney General,* for the State.
*Mr. J. H. Merrimon,* for the defendant.

ASHE, J. The line of distinction between the cases of false representations that come within the statute and those that do not, is so very narrow and the cases bordering thereon so shadow into each other, that it is often difficult to decide upon which side they fall.

There have been but few of such indictments in this state previous to the year 1871, when the case of *State* v. *Phifer,* 65 N. C., 321, came here on appeal. The court in that case laid down the rule which has been since followed, " that a false representation of a subsisting fact, calculated to deceive and which does deceive, and is intended to deceive, whether the representation be in writing, or in words, or in acts, by which one man obtains value from another, without compensation, is a false pretense, indictable under our statute," but with the qualification that it did not extend to the mere " tricks of trade," as they are familiarly called, by which a

man puffs his wares, and deceives no one—as this is an excellent piece of cloth, or this is the best horse in the world. To illustrate further: if one, in selling a tract of land, makes false and exaggerated representations of its fertility, &c., that will not be indictable; but if he falsely states that there is a house on the land, that is a false pretense, because it is a false statement of a subsisting or specific fact. So in the sale of a horse, if the seller should say he is first class, all right, that would not come within the statute; but if he said it is the celebrated horse, "Charlie," and it is not, that is indictable, for it is the false representation of a subsisting fact.

Bishop, in his treatise on Criminal Law, (vol. 2, p. 431), says: "Now an opinion, a mere opinion, is not a false pretence, but any statement of a present or past fact is one if it is false. When two men are negotiating a bargain they may express opinions about their wares to any extent they will, answering, if they lie about the opinions, only to God and to the civil department of the law of the country." So in a New Jersey case, *State* v. *Tomlin*, 5 Dutcher, 13, referred to by Bishop, on page 434, where a man was induced to part with a note held upon a debtor, at a sacrifice, by the false statement that he was of small means, and unable to pay the debt in full, which he knew to be false; it was insisted in his behalf that whether this debtor was insolvent or not, and was unable to pay in full or not, were matters of opinion, but the majority of the court held they were matters of fact, in distinction from opinion; therefore the indictment could be sustained. This is like our case. The defendant falsely stated "that there never had been anything the matter with the eyes of the mare." If he had simply stated that the eyes of the mare were sound, this would have been nothing more than the expression of an opinion, which we think would not have come within the statute; but when he says there never has been anything the

48

matter with them, this is a fact, and when it is negatived and proved that her eyes were diseased, and had been operated upon for "the hooks," within the knowledge of the defendant, it is the false representation of a *fact*, and is a false pretence within the statute.

There is error. The judgment of the court below must be reversed. Let this be certified to the superior court of Transylvania county, that further proceedings may be had according to this opinion and the law.

Error.                                                          Reversed.