## STATE v. HENRY EASON.

### False Pretence—Indictment.

An indictment for false pretence charging that defendant wilfully, knowingly, falsely and feloniously pretended to the prosecutor that he had cut for him, for the use of another, twenty cords of wood, whereas in truth and in fact he had not cut the same, and by means of said false pretence did obtain from the prosecutor three dollars in money, with intent, &c., is sufficient. The averment that the act was done with felonious intent is surplusage—calling the misdemeanor a felony does not make it a felony.

(State v. Phifer, 65 N. C., 321; State v. Jones, 70 N. C., 75; State v. Slagle, 82 N. C., 653; State v. Upchurch, 9 Ired., 454, cited and approved.)

INDICTMENT for false pretence tried at Spring Term, 1881, of CHOWAN Superior Court, before Gilmer, J.

The indictment is as follows: The jurors for the state upon their oath present that Henry Eason, late of the county of Chowan, with force and arms at, and in said county, on the first day of April, 1881, designing and intending to cheat and defraud K. R. Pendleton, out of his goods and moneys, chattels and property, did unlawfully, wilfully, designedly, falsely, and feloniously and knowingly pretend to the said K. R. Pendleton, that he, the said Henry Eason, had cut for him, for the use of J. A. Woodard, twenty cords of wood, whereas in truth and in fact, he, the said Henry Eason, had not cut for him, the said K. R. Pendleton, for the use of said J. A. Woodard, twenty cords of wood, as he the said Henry Eason then well knew to be false, by color and means of which said false pretence he the said Henry Eason did then and there unlawfully and with felonious intent obtain from the said K. R. Pendleton to the amount of three dollars, being then and there the property of the said K. R. Pendleton with felonious intent to cheat and defraud the

said K. R. Pendleton contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

The jury found the defendant guilty in manner and form as charged in the bill of indictment. There was a motion in arrest of judgment. The motion was sustained, and the solicitor appealed.

*Attorney General*, for the State.
*Messrs. Gilliam & Gatling*, for defendant.

ASHE, J.   To constitute the crime of " false pretence" under section 67, chapter 32, Battle's Revisal, there must be a false pretence of a subsisting fact; the pretence must be knowingly false; the money, goods, or thing of value of the person defrauded, must be unlawfully obtained by means of the false pretence, and with the intent to cheat and defraud him of the same.   *State* v. *Phifer*, 65 N. C., 321; *State* v. *Jones*, 70 N. C., 75; Bishop Cr. Law, §§ 397, 409: Archbold, 246.

As nothing in the record indicating the defect in the bill of indictment, upon which the motion in arrest was made, and no exception to the ruling of the court stated, we are at a loss to ascertain upon what ground the judgment was arrested in the court below.   For the indictment contains averments of every essential element of the offence of "false pretence."   It avers that the defendant knowingly and falsely pretended to K. R. Pendleton that he had cut for him for the use of J. A. Woodard twenty cords of wood, whereas he had not cut twenty cords of wood, and by means of the said false pretence had unlawfully obtained from the said K. R. Pendleton three dollars of the money of the said K. R. Pendleton with the intent to cheat and defraud the said K. R. Pendleton of the same.

The indictment is drawn after the usual form of precedents (Archbold, 245,) except that it avers that the false

pretence was made with a *felonious intent*, but that is mere surplusage. The indictment is for the misdemeanor under the statute, and calling it a felony or charging the act to be felonious, does not make it a felony. *State* v. *Slagle*, 82 N. C., 653; *State* v. *Upchurch*, 9 Ired., 454.

Finding no defect in the indictment, nor in the record as perfected and brought up by *certiorari*, the judgment of the court below must be reversed.

Let this be certified that further proceedings may be had in conformity to this opinion and the law.

Error. Reversed.