STATE v. JOHN DICKSON.

*False Pretence.*

The indictment for false pretence in this case, and the proof to warrant the verdict of guilty, are supported by the decision in *State* v. *Eason*, 86 N. C., 674, and the cases there cited.

(*State* v. *Eason*, 86 N. C., 674, and cases cited, approved.)

INDICTMENT for false pretence tried at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

The bill of indictment is as follows :

"The jurors for the state, upon their oath present, that John Dickson, late of the county of Cumberland, on the first day of March, 1882, with force and arms at and in the county aforesaid, devising and intending to cheat and defraud one John McRae of his goods, money, and property, unlawfully, knowingly and designedly did falsely pretend to the said John McRae, that he, the said John Dickson, had run three clamps of timber from Davis' bridge in said county to the mouth of Rock Fish creek, whereas in truth and in fact he, the said John Dickson, had not run three clamps of timber from Davis' bridge in said county to the mouth of Rock Fish creek, as he, the said John Dickson, then and there well knew, by color and means of which said false pretence, he, the said John Dickson, did then and there unlawfully, knowingly and designedly obtain from the said John McRae the sum of nine dollars, property of said John McRae, with intent to cheat and defraud the said John McRae, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

On the trial the prosecutor testified that he had one hundred and fifty sticks of ton timber in Rock Fish creek, which he desired to have rafted to market, and that the defendant came to him (the prosecutor then being confined to his house by sickness)

and contracted with him at a given rate per clamp, to raft said timber from Davis' bridge to the mouth of the creek; that shortly afterwards (the prosecutor being still confined to his house) the defendant came to him, and represented to him that he had run three clamps of timber from the said bridge into the mouth of the creek, and requested the advancement of some money therefor; that relying upon the representation to be true, he paid the defendant nine dollars, and that he had to employ another person to raft the timber. To all of which testimony the defendant excepted.

One Jordan Starke was then introduced by the state, who testified that he was afterwards employed by the prosecutor to raft the timber, and rafted one hundred and twenty-one pieces thereof from the bridge to the mouth of the creek; that there was no timber at all at the mouth of the creek when he arrived there; that after the time spoken of by the prosecutor, the defendant did run some timber into the mouth of the creek.

The defendant introduced no evidence, but requested the court to charge the jury that there was no evidence of the falsity of defendant's representation. The court declined to so charge, and the defendant excepted.

The jury returned a verdict of guilty, and the defendant first moved for a new trial upon the grounds taken by the exceptions, and that being refused, he moved in arrest of judgment, which was also refused. There was judgment against him, from which he appealed.

*Attorney-General*, for the State.
No counsel for the defendant.

ASHE, J. There was an exception taken by the defendant to the testimony of the prosecutor, but it amounts to nothing, especially after the testimony of Starke was introduced. It was properly overruled.

His next exception was to the refusal of the court to instruct the jury that there was no evidence of the falsity of defendant's representation.   We concur with the ruling of His Honor upon this point, and are of the opinion that there was not only evidence of the falsity of the defendant's representation, but that it was sufficient, with the proof of the other ingredients of the crime with which he was charged, to warrant the jury in returning a verdict of guilty.

It has been repeatedly decided by this court, that to constitute the crime of "false pretense" under Bat. Rev., ch. 32, § 67, there must be a false pretence of a *subsisting fact;* the pretence must be knowingly false; the money, goods, or thing of value, of the person defrauded, must be unlawfully obtained by means of the false pretence, and with the *intent* to cheat and defraud him of the same.   *State* v. *Eason*, 86 N. C., 674; *State* v. *Phifer*, 65 N. C., 321; *State* v. *Jones*, 70 N. C., 75.

All of the elements of the crime, we think, are to be found in the facts of this case.

The prosecutor had one hundred and fifty sticks of ton timber in Rock Fish creek; he contracted with the defendant to raft the timber to the mouth of the creek; before any of the timber was rafted by the defendant, he falsely stated that he had rafted three clamps of the timber to the mouth of the creek, and upon that false representation he obtained nine dollars from the prosecutor. When he made the representation, he knew it was false, and it was made for the purpose of obtaining the money from the prosecutor.

But the defendant insisted that the bill of indictment is defective, and moved in arrest of judgment upon the ground that the defendant was not alleged in the bill of indictment to have been employed by the prosecutor or in any way connected with him; that the timber was not alleged to have belonged to the prosecutor; that the defendant represented that he had run the same from Davis' bridge to the mouth of Rock Fish creek for the prosecutor, or under contract with him to do so; or that there

was any obligation on the prosecutor to pay him if the work had really been done; and that the court could not see from the indictment that the representation was calculated to defraud the prosecutor.

It was not necessary that any of these facts should be averred to constitute a good bill of indictment. This bill contains all the essential elements of an indictment for a "false pretence." It sets forth the false pretence of a subsisting fact, the knowledge of the defendant, the negation, the intent to cheat, and that the money of the prosecutor was unlawfully obtained by means of the false pretence. Whether the false pretence was calculated to impose on the prosecutor and induce him to part with his money, or was in fact the means of obtaining his money, were questions that properly belonged to the province of the jury. Russell on Crimes, p. 622 and note on L.

The indictment, in our opinion, is sufficient, and there is no error. Let this be certified to the superior court of Cumberland county that the case may be proceeded with according to law.

No error. Affirmed.