STATE v. JOSEPH MATTHEWS.

*False Pretence.*

Where the defendant obtained goods of the prosecutor by falsely stating that they were needed to bury a sister-in-law's child who had just died; *Held*, that he is guilty of false pretence, and it matters not whether the owner parted with his goods for the sake of gain or for a charitable purpose.

(*State.* v. *Dickson*, 88 N. C., 643, cited and approved.)

INDICTMENT for false pretence, tried at Fall Term, 1883, of ROCKINGHAM Superior Court, before *MacRae, J.*

The facts in the case as developed by the evidence are, that defendant went to the store of R. H. Smith in September, 1883, and asked Smith to credit him for some goods,

and stated that the child of his sister-in-law was dead, and that the articles he wished to buy were necessary for the burial of the child. Smith refused to let the defendant have the goods at first, but he begged so earnestly that he finally sold him a piece of cotton cloth on credit. Defendant promised to pay for it, but it was the charitable object alone that induced Smith to let him have the goods, because he said his sister-in-law's child was dead, and she needed the cloth to bury it. But at the time of the transaction the defendant had no sister-in-law, and the statement as to the death of the child was false.

The defendant upon this state of facts requested the court to charge the jury that he was not guilty, but the court refused to give the charge.

There was a verdict of guilty and judgment thereon, from which the defendant appealed.

*Attorney-General,* for the State.
No counsel for defendant.

ASHE, J. It is well settled that to constitute the crime of false pretense under Bat. Rev., ch. 32 § 67, THE CODE, § 1025, that there must be a false pretense of a *subsisting fact;* the pretense must be knowingly false; money, goods or other thing of value must be unlawfully obtained by means of the false pretense, and with the intent to cheat and defraud the owner of the same. *State* v. *Dickson,* 88 N. C., 643, and cases there cited to the same effect.

Here, the defendant failing to purchase the goods upon a credit, resorted to the falsehood of stating that his sister-in-law's child was dead and the cloth was needed for its burial. The death of the child was the false pretense of a *subsisting fact.* The defendant had no sister-in-law, and no child of a sister-in-law was dead. He knew the statement was false, and could have been made with no other purpose

than to cheat and defraud Smith of his goods. And the goods were obtained by means of the false pretence. These facts bring the case fully up to the requirements of the statute.

It can make no sort of difference what motive prompted Smith to part with his goods, whether for the sake of gain or from feelings of charity.

It is certainly a very lame defence, set up by the defendant, that he is not guilty because the goods of the owner were parted with under the promptings of a charitable motive, when he himself, by his false statements, has excited the benevolent feelings through the influence of which he obtained the goods. If he had not made the false statement as to the death of the child, the owner of the goods would not have had his charitable sympathy aroused, and but for those feelings he would not have parted with his goods. The goods consequently were obtained by means of the false pretence.

There is no error. This must be certified to the superior court of Rockingham county, that the case may be proceeded with according to law.

No error. . Affirmed.