STATE v. M. V. MIKLE.

*Variance—False Pretences—Indictment.*

1. Where the testimony of two witnesses for the State, tends to show a state of facts, in accordance with the charge in the bill of indictment, it is no variance because a witness for the defendant testifies to facts, which, if believed, would make a variance.

2. Where a bill of indictment for false pretences, charges that the defendant unlawfully, knowingly, and designedly, with intent to defraud and cheat certain persons, (naming them), falsely represented that he had an order for the delivery of goods, and that by means of such false representations, the defendant obtained goods; *It was held*, that the bill sufficiently charged the offence, and was good.

3. In such case, it is immaterial whether the order which the defendant pretended to have, is verbal or written.

(*State* v. *Phifer*, 66 N. C., 321; *State* v. *Eason*, 86 N. C., 674; *State* v. *Matthews*, 91 N. C., 435, cited and approved).

This was an INDICTMENT for obtaining goods by false pretence, tried before *Graves, Judge,* at Spring Term, 1886, of ASHE Superior Court.

The indictment was as follows, to-wit: "The jurors for the State, upon their oath present, that Martin V. Mikle, late of the county of Ashe, at and in the county of Ashe, unlawfully and knowingly, devising and intending to cheat and defraud J. F. Motny and M. L. Motny, (trading under the name and style of Motny Bros.,) of their goods, money, chattels and property, did then and there, unlawfully, knowingly and designedly, falsely

pretend to J. F. Motny and M. L. Motny, that Bob. B. Wilson had given to him, the said Martin V. Mikle, an order to get goods from J. F. Motny and M. L. Motny, trading under the name and style of Motny Bros., on the credit of him, the said Robert B. Wilson ; by reason of said false pretence, J. F. Motny and M. L. Motny, trading under the name and style of Motny Bros., did deliver to him, the said Martin V. Mikle, a lot of goods, to-wit: a pair of boots and other merchandise, to the value of four dollars. Whereas, in truth and in fact, the said Robert B. Wilson had not given the said Martin V. Mikle any order, either written or verbal, for said goods, as he, the said Martin V. Mikle, then and there falsely pretended, which said false pretence, he, the said Martin V. Mikle, then and there well knew to be false, by color and means of which said false pretence and pretences, he, the said Martin V. Mikle, did then and there unlawfully, knowingly, and designedly, obtain from the said J. F. Motny and M. L. Motny, trading under the name and style of Motny Bros., being then and there the property of the said Motny Bros., the boots and other merchandise as aforesaid, with intent to cheat and defraud the said Motny Bros. to the great damage of the said Motny Bros., contrary to form of the statute, &c."

On the trial, * * * * * Motny, a witness for the State, testified that the defendant came to his store, and represented to him that he, defendant, had obtained an order from one Wilson, to get goods on his—Wilson's credit; that Wilson had told him—the defendant—to tell him—Motny—to let him—defendant—have some goods, and he—Wilson—would pay for them. That he did let him have the goods on said representation, and charged the goods to Wilson.

Wilson, examined by the State, testified that he did not give to defendant any order upon Motny Bros. for goods, as testified to by Motny. That he had entered into a contract with defendant, to have him make some shingles for him, and he had promised him to pay in goods, at the store of Motny Bros.,

when the shingles should have been made; that at the time the defendant obtained the goods, the shingles had not been made, and he had not authorized the defendant to get the goods on his credit. That he understood that the defendant had begun to make the shingles, about three days after the goods were obtained, and made shingles enough to amount to seven dollars and fifty cents.

The defendant was examined in his own behalf, and admitted that he did not have an order, but said he told Motny Bros. that he had a contract with Wilson, to make shingles, and that he had an understanding with Wilson, that he was to be paid for the shingles in goods at Motny's store; that he obtained the goods from Motny Bros., but supposed he was getting them on his own credit, and that he afterwards made the shingles according to the contract.

The jury found the defendant guilty, and he moved for a new trial upon two grounds:

1st. That the facts set forth in the bill of indictment, does not constitute an offence under the statute.

2nd. That there was a variance between the allegations in the bill, and the proof.

The motion for a new trial was overruled, and the defendant then moved in arrest of judgment, which was overruled by the Court, and the sentence of the law was pronounced against the defendant, from which he appealed.

*Attorney General,* for the State.
No Counsel for the defendant.

ASHE, J. (after stating the facts). The first ground assigned for a new trial, is more properly to be considered under the motion for the arrest of judgment.

The second ground is untenable, for the testimony of Motny and Wilson, considered together, fully sustains the averments in the bill. There was no variance, unless the jury should have

discarded the testimony of both of those witnesses, and accepted that of the defendant, as the correct statement of the transaction. If they had done so, then there was a variance, but the jury believed the testimony of the first two witnesses, as is shown by their verdict. The new trial was therefore properly denied on that ground.

The first ground is the same as that urged in arrest of the judgment, that the bill of indictment does not set forth such a state of facts, as constitutes the crime of "false pretence."

The bill, we think, is well drawn, and contains all the averments necessary to constitute the offence of "false pretence." It charges that the defendant unlawfully, knowingly, and designedly, with intent to cheat and defraud Motny Bros., did falsely represent to them that he had an order from Robert Wilson to obtain goods from them on the credit of said Wilson, and that by means of the false representation, he did obtain goods from them, and they were charged to Wilson.

It could make no difference, whether the order which the indictment charges the defendant falsely pretended to have from Wilson, was verbal or written. If A says to B, "tell C to let you have a pair of boots and charge to me," it is as much *an order*, as if A had written to B to let C have the boots and charge them to him. An order, according to Webster, is a "mandate;" "an authoritive direction." When then, the indictment charges that the defendant falsely represented that he had an *order* from Wilson to obtain goods from Motny Bros., it was a false representation of a "subsisting fact," and when it was made to obtain goods from Motny Bros., and goods were thereby obtained, with intent to cheat and defraud Motny Bros., the criminal offence is properly made out.

The rule is thus laid down by READE, Judge, in the case of *State* v. *Phifer*, 65 N. C., 321, "that a false representation of a *subsisting fact*, calculated to deceive, and which does deceive, and is intended to deceive, whether the representation be in *writing* or in *words*, by which one man obtains value from another,

without compensation, is a false pretence, indictable under our statute." *State* v. *Eason,* 86 N. C., 674; *State* v. *Mathews,* 91 N. C., 635, and the decision in these cases is fully sustained by Mr. Bishop, in his work on criminal law.

There is no error. Let this be certified to the Superior Court of Ashe county, that the case may be proceeded with, according this opinion and the law.

No error.                                    Affirmed.