STATE v. JOHN SHERRILL.

*False Pretence—Indictment.*

An averment in an indictment that the defendant did "unlawfully, &c., and intending to cheat and defraud \* \* \* falsely pretend \* \* \* that a certain mare which he \* \* \* was proposing to trade \* \* \* was sound in limb and body, and always had been sound in limb and body, whereas the said mare was broken down in her loins, and had been broken down in her loins," and that he knew these representations to be false, &c., sufficiently charges the crime of false pretence.

(*State* v. *Hefner*, 84 N. C., 751; *State* v. *Phifer*, 65 N. C., 321; *State* v. *Munday*, 78 N. C., 460; *State* v. *Eason*, 86 N. C., 674, cited and approved).

The defendant was tried at Spring Term, 1886, of CALDWELL Superior Court, before *Graves, Judge*, and a verdict of guilty being returned, he moved an arrest of the judgment, which motion was granted, and from a judgment against the State, the Solicitor appealed.

The indictment was in these words:

"The jurors for the State upon their oath, present, That John Sherrill, late of the county of Caldwell, on the first day of August, in the year of our Lord one thousand eight hun-

dred and eighty-five, at and in the county of Caldwell, unlawfully and knowingly devising and intending to cheat and defraud one Joanna Wilson of his goods, moneys, chattels, and property, did then and there unlawfully, knowingly and designedly, falsely pretend to the said Joanna Wilson, that a certain mare, which he, the said John Sherrill, was then and there proposing to trade to the said Joanna Wilson, was then and there sound in limb and body, and had always been sound in limb and body, whereas, in truth and fact, the said mare had been broken down in her loins, and was then and there broken down in her loins; which said false representation, he, the said John Sherrill, then and there well knew to be false, by color and means of which said false and fraudulent pretenses, he, the said John Sherrill, did then and there unlawfully, knowingly and designedly obtain from the said Joanna Wilson one horse of the value of one hundred and twenty-five dollars, being then and there the property of the said Joanna Wilson, with the intent to cheat and defraud the said Joanna Wilson, to the great damage of the said Joanna Wilson; contrary to the form of statue in such case made and provided, and against the peace and dignity of the State."

*Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J.    The Court arrested the judgment upon the ground that the indictment does not charge an offence with sufficient certainty to enable it to proceed to judgment upon the verdict of guilty.    In this there was error.

The charge of the purpose of the defendant to cheat and defraud a particular person named, and that he obtained the property of that person by means and color of the false pretense charged, is made substantially in the words of the statute, and is sufficient.

The false pretence charged consists in the false representation that the mare of the defendant which he "proposed to trade" to the prosecutor, "was then and there sound in limb and body, and had always been sound in limb and body, whereas in truth and fact the said mare had been broken down in her loins, which false representation he, the said John Sherrill, then and there well knew to be false, by color," &c.

This does not simply charge an expression of opinion, or a naked falsehood of the defendant, but that he falsely represented as a subsisting fact, that the mare—a piece of property which he was "proposing to trade"—had, during her whole life, been sound in limb and body, when he knew, on the contrary, that she had theretofore been, and then was broken down in her loins, and by this false pretence he obtained the horse of the prosecutor. The false statement and representation was made in connection with and about the property he proposed to sell. This is material and distinguishes it from a simple falsehood. It is the knowingly false statement or representation of a subsisting material fact, or one that has existed, that tends and is intended to deceive, to a person, with intent to cheat and defraud him, and by means and color of such false statement, obtain his property, and thus obtaining his property, indictable under the statute, (*The Code*, §1025). Such a false representation is a "false pretence" in the sense of the statute.

The principal fact falsely stated was material. The mare was represented as sound and as having been sound all her life. This was a leading inducing fact—the principal consideration. But she was not sound; she had been broken down in her loins, and was then," and this fact the defendant knew. In the nature of the animal, if she were "broken down" in her loins, she was of little value. The disease or injury thus described is not so vague or uncertain as that it cannot be recognized or understood. The loins of the horse

are parts well known; that they shall be normal and strong, is essential to his value. When it is said that he is "broken down" in his loins, it is plainly meant that he is so enfeebled in the rear parts of his back as that his usefulness and value are greatly impaired. In such case he can neither carry nor draw such burdens as sound horses ordinarily do; indeed, he is not desirable at all.

This case is not unlike that of *State* v. *Hefner*, 84 N. C., 751, in which the defendant was charged with having falsely represented that a mare in question had always been sound, and that her eyes had never been diseased, whereas in fact, she had been subject to a disease of the eyes called "hooks," was "wind-broken" and "wind-sucking." There was a verdict of guilty, and upon motion the judgment was arrested in the Superior Court upon the ground that no offence was charged, but this Court held that an offence was charged and that the judgment must be reversed. *State* v. *Phifer*, 65 N. C., 321; *State* v. *Mundy*, 78 N. C., 460; *State* v. *Eason*, 86 N. C., 674.

Let this opinion be certified to the Superior Court to the end that further proceedings in the actions may be had there according to law.

Error.                                         Reversed.