THE STATE v. J. M. BURKE.

*Indictment — Quashing—False Pretence.*

1. A false representation that a mule "was sound, would work well and would not kick," made knowingly with intent to cheat and defraud, and by means of which the prosecutor was cheated and defrauded of his money, etc., constitutes the offence of false pretence.

2. An indictment ought not to be quashed for want of precision or redundancy, when it can be seen from the entire instrument that the charge plainly appears.

MOTION to quash indictment, heard at January Term, 1891, of ROBESON Superior Court, *Armfield, J.,* presiding.

The defendant is charged with the offence of *false pretence*, in violation of the statute (*The Code*, § 1025). The indictment charges that the defendant, at, etc., "unlawfully and knowingly devising and intending to cheat and defraud *of,* did then and there unlawfully, knowingly and designedly, falsely pretend to J. W. McRae that a certain mule which he, the said J. M. Burke, proposed to trade to the said J. W. McRae was sound and worked well and would not kick, whereas, in truth and fact, *mule* was not sound, would not work well and would kick, as he, the said J. M. Burke, then and there well knew, by color and means of which said false pretence and pretences the said J. M. Burke did then and there unlawfully, knowingly and designedly obtain from the said J. W. McRae one hundred dollars, being then and there the property of the said J. W. McRae, with intent to cheat and defraud, to the great damage of the said J. W. McRae, contrary," etc.

The defendant appeared and moved to quash the same. The Court allowed the motion, and the Solicitor for the State having excepted, the State appealed to this Court.

STATE *v.* BURKE.

*The Attorney General,* for the State.
No counsel for defendant.

MERRIMON, C. J.: The indictment is not very formal and precise. There is some unnecessary repetition and redundancy in charging the offence that might well be omitted, but it serves every essential purpose. The false pretence, and the purpose to defraud thereby, are charged in the words of the statute, and clearly.

The word "said," which, strictly, ought to appear in the indictment next before the word "mule," at the end of the other words, "whereas, in truth and fact," is obviously and sufficiently implied from the connection and purpose plainly appearing. The inadvertent omission does not affect the substance or prejudice the defendant.

The false representations as to certain qualities of the mule certainly constituted false pretence when made, as charged, to defraud. They are not the mere "tricks of trade," bluster, puffs and empty boast on the part of one putting his property on the market. They were seriously made with particular motive in connection with a proposition to sell the mule for a price to be increased by reason of them and the confidence they gave rise to. As charged, they were made in business earnest on the part of the defendant and so accepted and acted upon by the prosecutor, and, as charged, they were made with the positive intent to defraud. Thus the offence is sufficiently charged. *State* v. *Hefner,* 84 N. C., 751; *State* v. *Munday,* 78 N. C., 448; *State* v. *Mickle,* 94 N. C., 843; *State* v. *Sherrill,* 95 N. C., 663. It was not necessary to charge or prove an intent to defraud any particular person. *The Code,* § 1025.

There is error. The judgment must be reversed and further proceedings had in the action according to law.

Reversed.