## Commomwealth v. Watson.

(Decided January 5, 1912.)

Appeal from Graves Circuit Court.

False Pretense in Horse Trade—Intent to Deceive—Question for Jury.—A false pretense in a horse trade that the horse is sound, if knowingly made with intent to deceive, and calculated to deceive the person to whom it is made, is indictable under the false pretense statute, and whether the pretense was calculated to deceive the person to whom it was made is a question for the jury.

R. L. SMITH, JAMES BREATHITT, Attorney General for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Section 1208, Kentucky Statutes, is as follows:

"If any person by any false pretense, statement or token, with intention to commit a fraud, obtain from another money, property or other thing which may be the subject of larceny, * * * he shall be confined in the penitentiary not less than one nor more than five years."

Daize Watson was indicted under the statute in the Graves Circuit Court, the charge being set out in the indictment in these words:

"The said Daize Watson in the said County of Graves on the 20th day of March, 1911, and before the finding of this indictment did feloniously, by false pretense and statements obtain from Cecil Cobb, one horse of value, by falsely and fraudulently representing and stating to said Cecil Cobb, that a horse which he owned and which he was trading to the said Cecil Cobb, was sound in every respect, and the said Cecil Cobb believing and relying on said pretenses and statements as true was thereby induced to trade, to said Daize Watson his said horse, whereas, in truth and in fact said pretense and statement that the horse of said Watson was sound in every respect was false and untrue, and said horse was afflicted with the bobbies, and was a bull-heaver, and said statements and pretenses were known by said Watson to be false and untrue when he made them, and he well knew when he stated and represented that said horse was sound in every respect that he was unsound and afflicted with the bobbies, and was a bull-heaver, and said false statements

and pretenses were made with the felonious intent to defraud the said Cecil Cobb, out of his horse against the peace and dignity of the Commonwealth of Kentucky."

The Circuit Court sustained a general demurrer to the indictment, and dismissed the prosecution. The Commonwealth appeals.

In 2 Bishop's Criminal Law, Section 429, Sub-section 5, the learned author says:

"A representation that a horse is sound, by one who knows it not to be, is, within the statute, indictable. It is a pretense of a fact, not mere opinion. And though the vendor adds his warranty, the case is not otherwise."

In People v. Crissie, 4 Denio, 525, the defendant was indicted on the charge that he had falsely pretended that a drove of sheep he offered for sale were free from disease, by means of which he obtained a certain sum of money in the sale of the sheep. It was held that this was a false pretense within the meaning of the statute which was similar to ours. In Watson v. People, 87 N. Y., 561, the defendant was charged with falsely pretending that a horse was sound, kind, and true, when he knew this to be untrue, with intent to defraud. A conviction was affirmed. The same conclusion was reached by the Supreme Court of Maine in State v. Stanley, 64 Maine, 157. The court said:

"The assertion of the soundness of his horse by the defendant is the assertion of a material fact. It is false. It was made to deceive and defraud. It accomplished its purpose. This much the demurrer admits. It is not readily perceived why this falsehood is not within the spirit, as well as the letter, of the statute."

The same conclusion was reached by the Supreme Court of North Carolina in State v. Sherrill, 95 N. C., 663. To the same effect are State v. Mangum, 116 N. C., 998; State v. Patty, 97 Iowa, 373; Commonwealth v. Jackson, 132 Mass., 16; Parks v. State, 94 Ga., 601; Regina v. Kendrick, 5 Q. B., 49. In Commonwealth v. Beckett, 119 Ky., 817, the defendant had passed off a ten dollar Confederate bill as a genuine ten dollar bill. In that case we said:

"It may be said that a false representation or token is not within the statute 'unless calculated to deceive persons of ordinary prudence and discretion.' (2 Whart, Crim. Law, 2129; Commonwealth v. Grady, 13 Bush, 285.) This is true only in a limited sense, for the statute was not designed to protect only the ordinarily wary and

prudent, who in spite of their vigilance might be over-reached by the clever rogue, but must have been aimed at all scoundreldom who, by false statements or tokens, succeeded in hoodwinking the unwary, or even the foolish, into parting with their property. The statute has a two-fold purpose: First, to protect the owner of property against cheats. Second, to punish the cheater. It cannot be said that the law is partial to 'persons of ordinary prudence and discretion' in protecting them in their property, whilst it leaves the imprudent and silly persons as lawful prey for frauds. On the other hand in punishing the wrongdoer, his motive and its results are the main subjects of inquiry. Under this statute the wicked purpose, the fraud is equivalent to the same ingredient in theft. So is the result the same. The distinguishing feature is, in theft, the owner does not intentionally part with the title and possession of his property, while under this statute he does. It would not do to say that to steal from a careless or imprudent person is not punishable, though the statutes against larceny aim to protect the owner in the possession of his property, as well as to punish the thief who purloins it. Under the statute being considered, the pretense or token must be false. Where a token is used it must be calculated to deceive, according to the capacity of the person to whom it is presented to detect its falsity under the circumstances.''

The question was again before us in McDowell v. Commonwealth, 136 Ky., 8. In that case the defendant had represented that he was doing business for the United States Government, and needed a house for headquarters, and by this and other misrepresentations had obtained from the prosecutrix a deed for her home. In that case also a conviction was sustained.

A horse is certainly property which may be the subject of larceny within the meaning of the statute. No sound reason can be given for exempting false pretenses made in a horse trade from the operation of the statute when the same false pretenses made in other transactions would be within it. The statute must be liberally construed to effectuate its purposes, and we do not see that this case can be distinguished from those cited.

Whether or not the false pretense if made was calculated to deceive and did deceive the person to whom it was made, will be a question for the jury under all the

evidence. (2 Bishop, Sec. 464, 19 Cyc., 405, and cases above cited.)

Judgment reversed and cause remanded to the Circuit Court with directions to overrule the demurrer to the indictment and for further proceedings consistent herewith.