## Hale v. Commonwealth.

(Decided January 21, 1913.)

### Appeal from Calloway Circuit Court.

1. Indictment—Error in Statement of Accusative Part—When Does not Render Defective.—The fact that the offense in the accusative part of the indictment is stated to be "getting money under false pretenses" instead of "obtaining money by false pretenses" according to the wording of the statute, does not render the indictment defective, the offense being properly set out in the descriptive part of the indictment.

2. Indictment—Words or Phrases—Horse—What Included in Word.—The word "horse" in an indictment includes both the male and female.

3. Witnesses—When Horseman May Testify As An Expert.—A horseman who is not a surgeon may testify as an expert that a mare is gill-flirted.

4. Indictment—Evidence Sufficient to Sustain.—Proof that the defendant obtained $75 in cash is sufficient to sustain an indictment that he received $75 in lawful money.

5. Indictments—False Pretenses—When Within Statute.—A false pretense made in a horse trade is within the statute, if the same false pretense, made in any other transaction, would be within it.

E. P. PHILLIPS, for appellant.

JAMES GARNETT, Attorney-General, and M. M. LOGAN, Assistant Attorney-General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Onis Hale was indicted in the Calloway circuit court for the crime of getting money under false pretenses by selling a horse to another, representing the horse to be sound when in fact the horse was unsound, and he knew it, and falsely and feloniously pretended it was sound and thereby obtained $75 from Isaac Woodall, the person to whom the false representation was made. On a trial of the case he was found guilty as charged, and his punishment fixed at confinement in the penitentiary from one to five years. He appeals.

The first objection made is that in the accusative part

of the indictment, the defendant is accused of getting money under false pretenses instead of obtaining money by false pretenses according to the wording of the statute. But the sense is the same and the use of the word "get" in place of the word "obtain" in nowise prejudiced the substantial rights of the defendant. In the descriptive part of the indictment the word "obtain" is used. The indictment fully informed the defendant of the nature of the charge against him.

Another objection is that the indictment used the word "horse" and that the proof showed that it was a mare. But the word "horse" includes both the male and the female. The defendant could not have been misled, for the facts stated in the indictment with particularity showed the precise transaction which was complained of, and a person of ordinary intelligence could not have failed to understand what he was charged with.

The indictment charged that the horse was unsound and was gill-flirted, or afflicted with the trouble popularly known by that name. It is insisted that the witnesses were permitted to testify that the mare was gill-flirted when they were not surgeons or qualified to speak on the subjects as experts. But anyone acquainted with horses may testify to a trouble of this sort which is well known to all horsemen. While a surgeon only could tell the precise nature and cause of the trouble, any horseman would recognize its symptoms and readily detect its presence; and on questions of this sort the judgment of persons of practical experience with stock may always be admitted in evidence.

The witness, Woodall, testified that the defendant procured from him $75 in cash. It was charged in the indictment that he procured the sum of $75 in lawful money of the United States. The proof that the witness paid the defendant $75 in cash is evidence that he paid him $75 in lawful money. It is not presumed that he gave him money that was not lawful.

While there is sharp conflict in the testimony as to the defendant's warranting the mare or representing her to be sound in every particular, the proof is very satisfactory that she was gill-flirted and worthless and that he knew it. The jury are the judges of the credibility of the witnesses, and we cannot say under all the circumstances that the verdict is palpably against the evidence.

In Com. v. Watson, 146 Ky. 83, we held that a false pretense made in a horse trade is within the statute, if

the same false pretense made in any other transaction would be within it.

Judgment affirmed.