STATE OF NORTH CAROLINA
v.
EUGENE GAY.
No. COA07-927
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Iain Stauffer, for the State.
Charlotte Gail Blake for Defendant-Appellant.
McGEE, Judge.
Defendant was convicted of one count of obtaining property by false pretenses. From the judgment entered, Defendant appeals and argues: (1) the trial court erred by denying Defendant's motion to dismiss based on insufficient evidence, and (2) the trial court committed plain error by failing to correct violations of Defendant's constitutional right to remain silent. We find no error.
The evidence at trial tended to show that Rosalyn Byars (Ms. Byars) took a tax preparation class and placed an advertisement in a newspaper to attract clients for her new tax preparation business. Defendant responded to the advertisement by calling Ms. Byars on 24 January 2005 and offering to sell Ms. Byars some of his tax clients. Ms. Byars looked up Defendant on a website called "A-C-A-T, Credentials dot com" and saw that he was listed as a member. Ms. Byars and Defendant met at a restaurant to discuss a business plan. They worked out an agreement by which Defendant would sell 1,500 of his tax clients to Ms. Byars for $2,600.00 plus fifteen percent of the first $50,000.00 that she made from those clients. Defendant also promised to provide "training and management development." The agreement was written out on paper by Defendant. Ms. Byars and Defendant also drafted an addendum stating that Defendant would forgo the fifteen percent commission upon payment by Ms. Byars of an additional $400.00. Ms. Byars wrote Defendant checks for $2,600.00 and $400.00.
Before signing the agreement and the addendum, Ms. Byars stated she wanted to have an attorney look them over, and Defendant told Ms. Byars he was an attorney. He told her that if the deal did not work out, she could sue him for his vehicle, which was worth about $73,000.00. Ms. Byars testified she believed in his credentials and she would not have given him any money had he not said he was an accountant and an attorney. Ms. Byars also testified she entered into the agreement in order to make money, and that she trusted Defendant because he seemed professional and successful.
After 24 January 2005, Ms. Byars and Defendant spoke on the telephone almost every day for approximately a month. Defendant repeatedly asked Ms. Byars for more money. On one occasion she gave him $50.00 by wire transfer when he called her saying he was picking up tax returns in South Carolina but he had run out of gas and did not have any money. On another occasion, Defendant faxed Ms. Byars some information about a deal he was trying to negotiate in which he would receive $4.6 million dollars. He told Ms. Byars he needed $1,800.00 to reactivate his cell phone so he could complete the deal, and if she gave him the money he would give her $61,000.00. She gave him the $1,800.00. By 10 February 2005, Ms. Byars was suspicious about Defendant because the address he gave her for his business was vacant, she had not received any money from Defendant, and she did not receive tax returns for all the clients Defendant had promised. Ms. Byars filed a police report.
Defendant did not present evidence. The parties stipulated that Defendant is not and has never been licensed to practice law in the state of North Carolina. Defendant moved to dismiss the charge of obtaining property by false pretenses for insufficient evidence, and the trial court denied the motion. The jury returned a guilty verdict and the trial court sentenced Defendant to a term of eight months to ten months in prison.
Defendant first argues the trial court erred by denying his motion to dismiss because there was insufficient evidence that Defendant represented to Ms. Byars that he was an attorney and that she relied on that representation when she gave money to Defendant. Defendant contends that Ms. Byars gave conflicting testimony on cross-examination regarding whether Defendant told her he was an attorney, a tax attorney, or never said he was an attorney. Defendant also argues there was insufficient evidence that Ms. Byars relied on Defendant's representations that he was an attorney in deciding to enter into the agreement with Defendant.
When ruling on a motion to dismiss, the trial court must consider
all of the evidence, whether competent or incompetent, . . . in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. In considering a motion to dismiss, it is the duty of the [trial] court to ascertain whether there is substantial evidence of each essential element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted).
The elements of the offense of obtaining property by false pretenses are: "'(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.'" State v. Walston, 140 N.C. App. 327, 332, 536 S.E.2d 630, 633 (2000) (quoting State v. Cronin, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)).
Ms. Byars consistently testified that Defendant told her he was an attorney, and she stated that she gave Defendant money because he told her he was an attorney. On cross-examination, Ms. Byars stated that Defendant told her he was a tax attorney. Upon further inquiry by defense counsel, Ms. Byars clarified that Defendant told her he was an attorney, not a tax attorney, but that he stated he "was into . . . tax litigation." Any discrepancies or inconsistencies in Ms. Byars's testimony were for the jury to resolve. See Smith, 300 N.C. at 78, 265 S.E.2d at 169. Even though Ms. Byars gave additional reasons for entering into the agreement with Defendant, evidence was presented from which the jury could find she would not have given Defendant money but for his statement that he was an attorney. The fact that she expected to make money from the agreement does not detract from the probability that her ultimate decision to enter into the agreement was induced by Defendant's false representation. See State v. Matthews, 91 N.C. 635 (1884). We find that the State presented substantial evidence of all elements of the offense of obtaining property by false pretenses. This assignment of error is overruled.
In his second argument, Defendant contends his constitutional right to remain silent was violated when Ms. Byars and Detective Vance each testified in reference to Defendant's prior charge of obtaining property by false pretenses. Defendant argues the trial court should have struck the testimony, given a limiting instruction to the jury, or declared a mistrial based on this violation.
Defendant did not raise a constitutional objection at trial, and to the extent his argument is based on a constitutional violation, the argument will not be addressed. See State v. Golphin, 352 N.C. 364, 403-04, 533 S.E.2d 168, 197 (2000), cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). However, issues regarding the admission of evidence may be reviewed for plain error. State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). In order to prevail on plain error review, a defendant must show that "a different result probably would have been reached but for the error" or that "the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." Id. "Erroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the state's primary contentions," or "where there is overwhelming evidence of [a] defendant's guilt." State v. Weldon, 314 N.C. 401, 411, 333 S.E.2d 701, 707 (1985) (citations omitted).
Ms. Byars testified on cross-examination that she filed a report with police for false pretenses because she had searched for information about Defendant on the Internet and "found that he had done this before and the charges were false pretense. So I used the same charge." Defendant did not object to this statement. Even assuming the statement should have been excluded, Defendant has not shown that but for this error a different result would have been reached in his trial, particularly given that the State presented sufficient evidence as to each element of the offense. As for Detective Vance's statement, defense counsel objected when Detective Vance explained why she did not attempt to contact Defendant "[b]ased on prior case history[.]" The trial court sustained the objection and instructed the jury to "[d]isregard the last answer of the witness." This instruction adequately addressed Defendant's objection, and Defendant has failed to show that further action was necessary to prevent a miscarriage of justice. The trial court did not commit plain error and Defendant's assignments of error on this issue are overruled.
Defendant's remaining assignments of error have not been argued in the brief and are therefore deemed abandoned. N.C.R. App. P. 28(b)(6).
No error.
Judge STROUD and ARROWOOD concur.
Report per Rule 30(e).