STATE v. W. H. MOORE.

(Filed 1 April, 1914.)

1. Intoxicating Liquors—Warrants—Proviso—Matters of Defense—Motions to Quash.

A motion in arrest of judgment upon an alleged defect in a warrant charging the unlawful sale of intoxicating liquors, for that the warrant did not negative the idea that the defendant was a druggist or medical depositary (ch. 44, Public Laws 1913, sec. 1), will not be granted, as the exception in the statute is no part of the definition or description of the offense, but simply withdraws certain persons from its operation, and is a matter of defense. *Semble*, such exception should be taken in the trial courts where the warrant may be amended, and not for the first time in the Supreme Court on appeal.

2. Intoxicating Liquors—Trials—Evidence—Declarations—Questions for Jury.

Held in this case, charging an unlawful sale of intoxicating liquor under ch. 44, Public Laws 1913, sec. 1, testimony that the defendant did not have any business is competent upon the question as to whether he was a druggist, etc.; and as to whether his declarations that he had sold intoxicants were made in jest was properly for the determination of the jury.

APPEAL by defendant from *Cooke, J.,* at Fall Term, 1913, of WAKE.

The defendant was convicted upon a warrant charging that he had engaged in the business of selling, etc., intoxicating liquors. The warrant does not negative the idea that the defendant is a druggist or a medical depositary, and the defendant moves in arrest of judgment in the Supreme Court for this alleged defect.

STATE *v.* MOORE.

The other exceptions of the defendant are:

"1. The court erred in admitting the question of the solicitor, put to the witness Mangum, 'as to what business the defendant was engaged in,' as tending to show the character of the defendant, who had not then been introduced as a witness in his own behalf, and who was not afterwards introduced as a witness in his own behalf.

"2. The court erred in admitting the answer of the witness Mangum, 'that the defendant never had any business that he knew of,' as directly proving the character of the defendant, who was not introduced as a witness in his own behalf, and who did not open up his character by asking any witness introduced by the State as to his character.

"3. The Court erred in refusing to give the following special instruction as asked for by the defendant, towit: 'That in addition to the possession of the liquor, there must be evidence that the defendant has the liquor for the purpose of sale before the jury can find the defendant guilty.'

"4. That the court erred in not instructing the jury, in answer to the contention of the defendant, that the statements of the defendant that he had sold whiskey were mere 'big talk,' braggadocio, was meant in fun and jest, and not as the truth.

"5. That the charge was not responsive to the request contained in the special instruction: that there was no evidence whatever of any sale of the liquor which the defendant had in his possession, and the only evidence of any sale was what the defendant said in fun and jest."

Judgment was pronounced against the defendant, and he appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*J. C. L. Harris for defendant.*

ALLEN, J. The defendant is charged with a violation of section 1 of ch. 44, Pub. Laws 1913, which reads as follows: "That it shall be unlawful for any person, firm, corporation, association, or company, by whatever name called, other than druggists

and medical depositaries duly licensed thereto, to engage in the business of selling, exchanging, bartering, giving away for the purpose of direct or indirect gain, or otherwise handling spirituous, vinous, or malt liquors in the State of North Carolina. Any person, firm, or corporation violating the provisions of this act shall be guilty of a misdemeanor."

The motion in arrest of judgment is for failure to allege in the warrant that the defendant is not a druggist or a medical depositary, the defendant relying upon the principle announced in Archbold's Criminal Pleading, page 53, and approved in *S. v. Heaton,* 81 N. C., 547; *S. v. Lanier,* 88 N. C., 658, and *S. v. Blackley,* 138 N. C., 622, that "If there be any exception contained in the same clause of the act which creates the offense, the indictment must show, negatively, that the defendant or the subject of the indictment does not come within the exception."

The language used in the statute, "other than druggists and medical depositaries," is in effect an exception, and is contained in the clause creating the offense, and if the principle is applied without qualification, the warrant is defective, as contended by the defendant.

The rule was first adopted in England at a time when more than two hundred offenses were punishable with death, and when the judges were astute to discover means to relieve against the harshness and severity of the common law, and is not of universal application, the true test not being made to depend upon the place the exception has in the statute, but upon the nature and effect of the exception.

The rule, with its qualifications, is stated accurately and clearly in 22 Cyc., 344: "It is necessary to negative an exception or proviso contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense. As the rule is frequently stated, an exception in the enacting clause must be pleaded; but an exception in a subse-

quent clause or statute is matter of defense by the accused. But this is not an accurate statement, since the rule is to be determined, not by the position of the exception or proviso, but its nature as constituting an element of the description of the offense. An exception in a subsequent section or statute may be so closely connected with the description contained in a preceding section that it must be negatived; and, conversely, matter in the enacting clause may be so independent of the description that it form a matter of defense. While it has been held that a reference from the enacting clause to a clause containing the proviso will demand that the latter be negatived, such rule has not been generally followed, and a reference will not render it imperative to negative a proviso not a portion of the description. A proviso which withdraws a case from the operation of the statute need not be negatived."

This is the same principle declared by *Henderson, C. J.,* in *S. v. Norman,* 13 N. C., 226, in reference to provisos, where he said: "We find in the acts of our Legislature two kinds of provisos—the one in the nature of an exception, which withdraws the case provided for from the operation of the act; the other, adding a qualification, whereby a case is brought within that operation. Where the proviso is of the first kind, it is not necessary in an indictment, or other charge founded upon the act, to negative the proviso; but if the case is within the proviso, it is left to the defendant to show that fact by way of defense. But in a proviso of the latter description the indictment must bring the case within the proviso. For, in reality, that which is provided for, in what is called a proviso to the act, is part of the enactment itself."

Again, in *S. v. Burton,* 138 N. C., 577, *Justice Connor,* while discussing the necessity of an allegation in an indictment as to matters contained in exceptions and provisos, after commenting upon *S. v. Norman* and *S. v. Heaton,* says: "The defendant misconstrues the words 'same clause,' used in many of the opinions, by giving to it the same signification as same section. The line separating the two classes of cases is not the mere location of the excepting language, but is dependent upon its office in describing the offense."

In *S. v. Connor,* 142 N. C., 701, *Justice Hoke* says: "It is well established that when a statute creates a substantive criminal offense, the description of the same being complete and definite, and by subsequent clause, either in the same or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negatived in the indictment, nor is proof required to be made in the first instance on the part of the prosecution"; and, further, that the rule "depends not so much on the placing of the qualifying words, or whether they are preceded by the terms 'provided' or 'except,' but rather on the motive, meaning, and purpose of the words themselves," and concluded that if the exception or proviso, wherever placed, is a part of the definition or description of the offense it must be negatived; but if it does no more than withdraw a case from the operation of the statute, it is not necessary to refer to it in the warrant or indictment, and is matter of defense for the accused to bring himself within the exception." The *Connor case* is approved in *S. v. Smith,* 157 N. C., 583, and *Justice Walker,* writing the opinion in the last case, quotes from Joyce on Indictments, sec. 279, that—

"The general rule as to exceptions, provisos, and the like is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separable from the description, and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense."

Applying these principles, the motion in arrest of judgment must be overruled, as the exception in the statute is no part of the definition or description of the offense, but simply withdraws certain persons from its operation.

To hold otherwise would be a refinement, which could serve no useful purpose.

Criminal accusations, whether in the form of warrants or indictments, must fix and determine the identity of the offense with such particularity as to enable the accused to know exactly

what he has to meet, and to avail himself of the conviction or acquittal as a bar to a further prosecution arising out of the same facts, and when these requirements are met the rights of the accused are properly and sufficiently safeguarded.

In the warrant before us the defendant is charged with engaging in the business of selling intoxicating liquors in Raleigh on or about 15 September, 1913, which is ample notice of the accusation, and he would have received no information or benefit by telling him that he was not a druggist or medical depositary.

We have considered the motion in arrest of judgment, although made for the first time in this Court, which is permissible as to indictments (*S. v. Marsh,* 132 N. C., 1000), but we do not hold that the same rule is applicable to warrants, which may be amended.

It was said of indictments, in *S. v. Shade,* 115 N. C., 758, the courts are not inclined to arrest the judgment after verdict when the defendant "attempts to reserve his fire until he takes first the chance of acquittal," and there is stronger reason for withholding relief when the objection is to a warrant, which the court can amend, and thereby cure the defect.

In some jurisdictions it is held that motions in arrest of judgment will not be entertained in any case unless made before judgment. 1 Chitty Cr. L., 664; *Hampton v. State,* 133 Ala., 180; *S. v. O'Neill,* 66 Vt., 357; *Perry v. The People,* 14 Ill., 497.

The other exceptions do not require discussion.

The question asked the witness Mangum was relevant to show that the defendant was not a druggist, and the court presented to the jury in the charge every aspect of the case to which the defendant was entitled.

It was for the jury and not the judge to say whether the admissions of the defendant were made in jest.

The evidence of the guilt of the defendant is plenary, and we see no reason for disturbing the judgment.

No error.