STATE v. JOHN ROSS.

(Filed 5 November, 1914.)

**Cocaine—Possession, Actual or Constructive—Prima Facie—Burden of Proof —Reasonable Doubt.**

> The possession of cocaine, etc., with certain exceptions, is made a mis-demeanor and punishable under chapter 81, sec. 2, Laws 1913, and where the evidence tends to show that cocaine was found in the house the defendant was renting and occupying, concealed in a hole over the kitchen door, over which a picture hung, such possession, not falling within the exceptions, if established, comes within the meaning and intent of the statute, and is *prima facie* evidence of its violation, with the burden of proof on the State to show the possession by the defendant of the forbidden article, beyond a reasonable doubt.

APPEAL by defendant from *Devin, J.,* at March Term, 1914, of FOR-SYTH.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Jones & Clement for defendant.*

CLARK, C. J.   The defendant was tried in the city court and convicted under Laws 1913, ch. 81, sec. 2, which makes the possession of cocaine *prima facie* evidence of a violation of the statute.

On appeal to the Superior Court, the witness R. L. Blackburn, a policeman, testified that under a search and seizure warrant he entered the house in possession of John Ross and found 225 packages of cocaine up in a little scuttle-hole over the kitchen door, and a gallon and a half of liquor. The scuttle-hole was sawed just big enough to get a gallon jug in. One jug was in the scuttle. There was a picture just big enough to cover the hole, hanging over it. The defendant offered no evidence, but moved for a judgment of nonsuit.

The court entered a *nol. pros.* as to Ella Ross, whether as an act of clemency or because he thought that as a matter of law the possession was the possession of John Ross only, does not appear.

The court instructed the jury as to the nature of the facts which constituted the crime, and charged that the burden of proof was upon the State to satisfy the jury beyond a reasonable doubt that the defendant had cocaine in his possession, not being a physician or a pharmacist, nor having it under a *bona fide* prescription; and that the fact that it was found in his possession was evidence that it was in his possession unlawfully if he was not a physician, pharmacist, dentist, veterinary surgeon, or druggist, nor had it under a *bona fide* prescription. The cocaine was found in the house which the defendant admitted he rented and was

occupying, and that it was over the door of his kitchen and concealed from the public in such a way as indicated that .this was done purposely. The court charged that the jury must be satisfied that the article was cocaine and that it was in his possession, and of the other facts above stated.

. The charge was much fuller than this, but this is sufficient. In *S. v. Lee,* 164 N. C., 533, the Court held that under this statute the guilty "possession was not necessarily actual possession, but that the statutory presumption could arise from the constructive possession; that the statute includes actual and constructive possession." We are of opinion that, in this case as in that, the possession shown was sufficient to establish the fact of possession within the meaning of the statute and made out a *prima facie* case against the defendant, and, there being no evidence to rebut this presumption, justified the verdict.

Indeed, if the defendant rented and was in the occupancy of the house, and was there when the officer went there, and such a quantity of cocaine as that testified to was found in a secret place over the kitchen door, concealed behind a picture hung over the place, this would have justified a charge that if the jury should find the facts to be as testified they could return a verdict of guilty, there being no evidence offered in rebuttal, under this section which makes possession of cocaine a crime itself and not *prima facie* evidence of another crime.

No error.