## STATE v. O. J. WAINSCOTT.

### (Filed 24 May, 1915.)

**1. Intoxicating Liquors—Indictment—Exceptions to Statute—Defenses.**

An indictment for the sale of intoxicating liquor need not charge that the defendant was not a druggist, etc., duly licensed, for this is a matter of defense.

**2. Evidence — Special Detective — Scrutiny and Weight—Instructions—Special Requests—Appeal and Error.**

The testimony of a special detective in an action to convict the defendant of an unlawful sale of intoxicating liquor should be considered by the jury in his relation to the case, his purpose and object, and should be scrutinized and weighed by them accordingly as his interests in the prosecution may appear; and where the judge has accordingly charged, his refusal to give a special request that the testimony of the detective should be scrutinized with unusual caution will not be held erroneous.

APPEAL by defendant from *Cline, J.,* at November Term, 1914, of BUNCOMBE.

Defendant was indicted and convicted for selling intoxicating liquors to one B. H. Graham. From the judgment and sentence of the court the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*G. S. Reynolds for the defendant.*

PER CURIAM. The defendant moved to quash the warrant, for the reason that it does not allege that the defendant is "other than druggist and medical depositories, duly licensed thereto." The motion was properly overruled, as the identical question has been decided adversely to the defendant's contention in *S. v. Moore,* 166 N. C., 284.

There are four exceptions relating to the admission and rejection of testimony, which we have examined, and find them to be without merit. The sixth and ninth exceptions relate to the charge. The defendant requested the court to instruct the jury that the testimony of the detective should be scrutinized with unusual caution. His Honor did not give the prayer in the language requested. Instead his Honor instructed the jury that it was contended that the witness Graham was a special detective, and he charged the jury as follows:

"Now, if he made the sale—I will instruct you about that shortly again; but I am saying, if you find that the witness Graham was impelled by any desire to catch the defendant in an unlawful act, why then you have the right to scrutinize his testimony and consider that in determining what weight and effect you will give that—what is the value of

his evidence here in this case, notwithstanding he may have borne that relation toward the defendant."

We think that is substantially an instruction to the jury that they should consider the witness Graham's relation to the case, what his purpose and object was, and that they should scrutinize and weigh his testimony according as his interest in the case may appear. We have examined the other instructions to the jury and find them without merit.

No error.