STATE v. J. R. HICKS.

(Filed 31 October, 1917.)

**Spirituous Liquors—Cider—Wines Sold on Premises, etc.—Statute—Exceptions.**

> The sale of domestic wines in quantities of 2½ gallons, in sealed packages and crated, etc., on the premises where manufactured, when made from fruits grown on the lands of the manufacturer within this State, is lawful, under chapter 35, section 3, Laws 1911; and the Search and Seizure Act (chapter 44, Laws 1913, and chapter 97, Laws 1915), passed primarily to regulate shipment of spirituous, vinous, or malt liquors, contains no provision to the contrary.

INDICTMENT, April Term, 1917, of ORANGE, *Kerr, J.*

The jury rendered the following special verdict:

"That the defendant and M. J. Jeffreys, in December, 1916, purchased from one Michael, in Orange County, 2½ gallons of wine each, in sealed jugs, containing 2½ gallons; that said purchase and delivery took place on the premises of the said Michael, in Orange County, and the wine had been manufactured by Michael during the past twelve months, from grapes grown on his own premises in said county; that the defendant was on his way to his home, with the said wine in his possession, when he was seized by the officers."

The court pronounced defendant not guilty. State appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*No counsel for defendant.*

BROWN, J. Chapter 35, Public Laws 1911, entitled "An Act to prohibit the sale of near-beer, beerine, and other like drinks," provides in section 1 that it shall be unlawful to sell or dispose of, for gain, "near-beer, beerine, or other spirituous, vinous, or malt liquors," etc.; and section 3 makes the following exception: *"Provided, further,* that this act shall not apply to the sale of domestic wines when sold in quantity of not less than 2½ gallons, in sealed packages or crated, on the premises where manufactured, or to the sale of cider in any quantity by the manufacturer from fruits grown on his land within the State of North Carolina."

Chapter 44, Public Laws 1913, generally known as the "Search and Seizure Law," excepts from its operation "wines and ciders in any quantity, where such wines and ciders have been manufactured from grapes or fruit grown on the premises of the person in whose possession such wines and ciders may be."

Chapter 97, Public Laws 1915, being entitled "An Act to restrict the receipt and use of intoxicating liquors," was passed primarily to regulate the shipment of spirituous, vinous or malt liquors, and seems to contain no provision applicable to the facts in this record. It thus appears to be the policy and express purpose of our Legislature to except from the operation of the prohibition law the sale of cider in any quantity, and the sale of domestic wines in quantities of not less than 2½ gallons, in sealed packages or crated, on the premises where manufactured, when made from fruits grown on the lands of the manufacturer within the State of North Carolina. *S. v. Williams,* 172 N. C., 973.

The facts found in the special verdict, in our opinion, do not constitute

a violation of the laws of the State, either for the manufacture to sell or for the defendant to purchase and have the wine in his possession. The brief filed for the State concurs in this view.

Affirmed.