## STATE v. ROBERT HICKS.

(Filed 10 March, 1920.)

**1. Intoxicating Liquors—Spirituous Liquors—Unlawful Sale—Statutes—Exceptions—Indictment—Defense.**

An indictment for the unlawful sale of spirituous liquor, Laws 1913, ch. 44, sec. 6, is sufficient which charges the unlawful and willful sale thereof, without naming the person to whom sold, or negativing the conditions under which it may lawfully be sold; such as that it was not domestic wines or sold in more than two and one-half gallons, or in unsealed packages, etc., the protective provisions of the statute (sec. 1) being matters of defense.

**2. Intoxicating Liquors—Spirituous Liquor—Time not of Essence—Place of Sale—Pleas—Abatement.**

The time of offense of selling intoxicating liquors, contrary to the statute, is not of its essence and failure to allege that the sale took place in the county, may only be taken by plea in abatement.

**3. Intoxicating Liquors—Spirituous Liquors—Unlawful Sales—Evidence—Nonsuit—Trials.**

Judgment as of nonsuit upon the evidence cannot be taken in an action for the unlawful sale of domestic wine, on the premises, etc., under Laws of 1913, ch. 44, permitting the sale of quantities of less than two and one-half gallons in sealed packages, etc., when there is evidence that the witnesses bought two gallons of the liquor from the defendant, which the latter poured into the witness's jug, which the latter carried away unsealed, the burden being on the defendant to show the wine was of his own manufacture, sealed or crated, etc., and other matters of a lawful sale which are an exception by the statute to its other provisions.

APPEAL by defendant from *Daniels, J.,* at October Term, 1919, of SAMPSON.

The defendant was indicted on a charge that he did "willfully and unlawfully sell, or dispose of for gain, to Mat Watson and other persons to the jurors unknown, in quantities less than 2½ gallons, certain spirituous, vinous, or malt liquors, or a certain mixture containing alcohol or cocaine, or morphine, or other opium derivative." Verdict of guilty, and judgment. Appeal by defendant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Kerr & Herring, Fowler & Crumpler, and Butler & Herring for defendant.*

CLARK, C. J.   An indictment is sufficient which simply charges the unlawful and willful sale of vinous liquors without naming the person to whom sold.   Laws 1913, ch. 44, sec. 6; *S. v. Brown,* 170 N. C., 714, or without negativing the conditions under which it may be lawfully sold, *S. v. Moore,* 166 N. C., 284.   The indictment in this case, therefore, omitting surplusage, charges the offense of the unlawful sale of wine.   The proviso, in sec. 3, ch. 35, Laws 1911—"this act shall not apply to the sale of domestic wines when sold in a quantity of not less than 2½ gallons, in *sealed* packages or crated, on the premises where manufactured," is a matter of defense, which need not be set out in the indictment, and must be shown in proof by the defendant as a matter of defense.   *S. v. Wainscott,* 169 N. C., 379, citing *S. v. Moore, supra,* where the matter is fully discussed; *S. v. Hicks,* 174 N. C., 802.

The indictment charges that the sale was in Sampson County, and that it was made in August, 1919, but time was not of the essence of the offense, *S. v. Jones,* 80 N. C., 415, and if it had not appeared that the sale took place in Sampson objection could only be taken by plea in abatement.   *S. v. Holder,* 133 N. C., 709, both cases cited in *S. v. Burton,* 138 N. C., 576, which quotes many authorities and states that they are uniform.

Leon Pigford testified: "Some time in September, 1919, I went to the defendant's house and paid him at the rate of four dollars per gallon for what he called wine.   He measured out two gallons and put it in my jug, and then he put something else in there amounting to about a half gallon, and I don't know what this was.   He then stopped the jug up and handed it to me, and I carried it away from his house, and the jug was not sealed or crated.   He stated that he did not open or drink any of the contents of the jug on defendant's premises.   That he really did not know what the stuff was.   That he saw some vessels while at defendant's house, that were stained and appeared to witness as though blackberries or dewberries had been mashed in these vessels."

The defendant introduced no evidence.   There was no evidence that the wine was of the defendant's own manufacture, which it was incumbent upon the defendant to prove.   The uncontradicted testimony was that the jug "was not sealed or crated."   The judge, therefore, properly refused to give judgment of nonsuit.

No error.