STATE v. PERRY ROSE.

(Filed 18 February, 1931.)

1. **Intoxicating Liquor B a—Where whiskey is found in constructive possession of defendant it is sufficient to raise presumption against him.**

   Where the officers arresting the accused for violation of the prohibition law find at the time of the arrest whiskey in sufficient quantities hid under a loose board in his store, the whiskey is in his constructive possession, and the fact is sufficient to raise the presumption that he had it for the purpose of sale.

**2. Criminal Law I g—Refusal of requested instructions in this case held not to constitute reversible error.**

Where evidence of the unlawful possession of intoxicating liquor by the defendant on trial for violating our prohibition law is uncontradicted and sufficient for conviction, and the defendant offers no evidence, a charge of the judge to the jury to convict the defendant if they found the defendant guilty beyond a reasonable doubt is correct, and in the instant case the refusal to comply with the unwritten request to charge upon the presumption of innocence, made at the conclusion of the charge, and the refusal to state defendant's contentions is held not to be prejudicial error entitling the defendant to a new trial, C. S., 565, 566, the charge being in substantial compliance with C. S., 564.

APPEAL by defendant from *Cranmer, J.,* at December Term, 1930, of WILSON. No error.

Defendant was tried and convicted in the police court of the town of Wilson on a warrant charging that defendant at the time and place stated in the warrant did unlawfully have in his possession intoxicating liquors for the purpose of sale. From the judgment of said court defendant appealed to the Superior Court of Wilson County.

At the trial in the Superior Court the evidence offered by the State tended to show that on or about 12 July, 1930, two police officers of the town of Wilson went into the store of the defendant, located within the corporate limits of said town; that defendant and several other persons were present when the officers entered the store; that one of the officers informed the defendant that he had a search warrant authorizing and directing him to search the defendant's store and premises for intoxicating liquors; that defendant replied that there was not a drop of whiskey in his store or on his premises, and that the officers could proceed with their search without reading the warrant to him; that thereupon the officers went to the rear of defendant's store, and there found under a loose plank in the floor one and a half gallons of whiskey in half-gallon jugs, and six pint bottles. One of the officers testified that he had searched the place where the whiskey was found three days before and at that time no whiskey was found there. When defendant was arrested and taken by the police officers to the police station, Alonzo Owens was left in charge of defendant's store. Alonzo Owens was in the store with defendant when the officers first arrived there. Defendant told the officers that the whiskey found by them in his store did not belong to him, and that he did not know that the whiskey was in his store.

Defendant offered no evidence. In the charge to the jury the court said: "I instruct you if you find beyond a reasonable doubt, the facts to be as the evidence tends to show, to return a verdict of guilty."

At the conclusion of the charge, and before the jury retired to consider the case, counsel for defendant requested the court to instruct the

jury as to the presumption of innocence, and also to state defendant's contention as to the law and the evidence. The court declined to do so, and defendant excepted.

The jury returned a verdict of guilty. From the judgment on the verdict defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*M. S. Strickland and A. O. Dickens for defendant.*

CONNOR, J. The assignments of error on this appeal are based on defendant's exception to the refusal of the court to instruct the jury that defendant was presumed to be innocent of the crime with which he is charged in the warrant, and to state to the jury the contentions of the defendant, as requested by his counsel at the conclusion of the charge to the jury. This is the only exception appearing in the record, except the formal exception to the refusal of the court to set aside the verdict and grant a new trial.

The evidence offered by the State, if believed by the jury, was of sufficient probative value to establish the truth of the State's contention that at the time and place stated in the warrant the defendant had intoxicating liquor in his possession for the purpose of sale. *S. v. Myers,* 190 N. C., 239, 139 S. E., 600; *S. v. Ross,* 168 N. C., 130, 83 S. E., 307; *S. v. Lee,* 164 N. C., 533, 80 S. E., 405. There was no evidence tending to contradict the evidence for the State, or to impeach the witness for the State. There was evidence tending to show that the whiskey found by the officers in defendant's store was at least in his constructive possession. This was sufficient, for as was said in *S. v. Myers, supra,* "If the liquor was in the power of defendant, in such a sense that he could and did command its use, the possession was as complete within the meaning of the statute as if his possession had been actual." If the jury believed the evidence, and found beyond a reasonable doubt that the whiskey was in the possession of the defendant, then there was ample evidence that defendant had the whiskey in his possession for the purpose of sale.

In its charge the court had instructed the jury that if they found the facts to be as the evidence tended to show, beyond a reasonable doubt, they should return a verdict of guilty. Having correctly imposed upon the State the burden of proof beyond a reasonable doubt, the court declined to instruct the jury that defendant was presumed to be innocent. While the court might have well complied with the request of defendant's counsel, under the authority of *S. v. Boswell,* 194 N. C., 260, 139 S. E., 374, we cannot hold that the refusal to give the instruction as

requested was error for which the defendant is entitled to a new trial, as a matter of law. The request for the instruction was not in writing, and was first made after the court had concluded its charge to the jury. C. S., 565, and C. S., 566.

Nor was it error in the instant case for the court to refuse to state the contentions of the defendant after it had concluded its charge to the jury. The evidence consisted of the testimony of only one witness, whose testimony was not impeached on his cross-examination or otherwise. The law applicable to the facts shown by all the evidence is simple and plain. The charge was in substantial compliance with C. S., 564. We find no error for which defendant is entitled to a new trial. The judgment is affirmed.

No error.