STATE v. SID LANGLEY, JR.

(Filed 22 January, 1936.)

**1. Intoxicating Liquor G d—Evidence held sufficient to support directed verdict in this prosecution for possession of liquor for sale.**

Evidence that defendant had over a gallon of intoxicating liquor in a bedroom in the back of a filling station operated by him, together with a siphon and several empty bottles, and that in the front room of the filling station there were several glasses smelling strongly of whiskey, and that defendant had been seen passing pint bottles containing some white liquid to several customers of the station, and that he was arrested as he came out of the back room with a pint bottle of whiskey in his hand *is held* sufficient to overrule defendant's motion for judgment as of nonsuit in a prosecution for possession of intoxicating liquor for the purpose of sale, and under the presumption raised by such possession under the provisions of C. S., 3379 (2), to support a directed verdict of guilty in the absence of evidence explaining such possession or showing that it was lawful.

**2. Criminal Law I j—Court may direct verdict when the uncontradicted evidence shows facts sufficient to establish guilt under valid statute.**

Where all the evidence at the trial of a criminal action, if believed by the jury, shows facts sufficient under the provisions of a valid statute in force at the time of the alleged crime and at the time of the trial to establish the guilt of defendant, and there is no evidence to the contrary, the court may direct a verdict of guilty if the jury believe the evidence, since the credibility of the evidence alone should be submitted to the jury in such case.

**3. Intoxicating Liquor G e—Repeal statute does not affect provisions of C. S., 3379, making possession of liquor for sale illegal.**

C. S., 3379, providing that the possession of intoxicating liquor for the purpose of sale is illegal and that possession of more than one gallon of intoxicating liquor shall constitute *prima facie* proof of a violation of the statute is still in force in all the counties of the State, unaffected by ch. 493, Public Laws of 1935, the act of 1935 not being in conflict there-

with, since it purports to repeal only the Turlington Act, Art. 8, ch. 66, C. S., Vol. III, and to provide for sale and possession in the designated counties only by the control boards therein provided for.

SCHENCK and DEVIN, JJ., dissent.

CLARKSON, J., concurs in result.

APPEAL by defendant from *Cranmer, J.,* at August Term, 1935, of NASH. No error.

This is a criminal action in which the defendant was tried in the Superior Court of Nash County *de novo* on a warrant issued by a justice of the peace of said county on 11 August, 1935, and returnable to the recorder's court of Nash County. At the trial in the recorder's court, the defendant was convicted, and from the judgment of said court he appealed to the Superior Court.

The criminal warrant on which the defendant was tried was issued on a complaint in which it was charged that at and in Nashville Township, Nash County, North Carolina, on or about 11 August, 1935, Sid Langley, Jr., did unlawfully, willfully, and feloniously have in his possession about one and one-half gallons of whiskey for the purpose of sale, contrary to the form of the statute and against the peace and dignity of the State.

At the trial, the State offered evidence as follows:

W. C. Cook, a witness for the State, testified: "I am a police officer of the town of Nashville, N. C. On 11 August, 1935, I was going down the Rocky Mount highway and saw a Model T Ford automobile sitting under the service station, which is located on the south side of said highway, about one mile east from Nashville. It is known as Clark's Service Station. Two men were standing on one side of the automobile and two ladies were standing on the other side. As I passed by I saw the defendant put a pint bottle into a pocket of one of the men. I went on to Rocky Mount and later came back by the service station. I then saw a truck sitting under the shelter of the service station. I saw Mr. Langley, the defendant, pass a bottle to the driver of the truck, who was sitting in the cab. I came on to Nashville, and after talking with Sheriff Griffin, we got a search warrant and went back to the service station. When we went in, Mr. Langley was coming from the back room of the service station with a pint of whiskey in his hand. When we went into the back room, which was a bedroom, we found a stone jug with about one and one-half gallons of whiskey in it, and a siphon in the jug. We came back into the front room, and there found two drinking glasses sitting on a counter, with the odor of whiskey in them. The defendant told me that he operated the service station.

"The bottle which I saw Mr. Langley put into the man's pocket and the bottle which I saw him pass to the man in the cab of the truck both

appeared to contain some white liquid, but I did not get close enough to swear whether it was whiskey or not."

John H. Griffin, a witness for the State, testified: "I am a deputy sheriff of Nash County. Upon information which came to me, I obtained a search warrant and went down to search the defendant's place on 11 August, 1935. As I went in I met Langley coming out of his bedroom with a pint of whiskey in his hand. He was coming into the front room, which I reckon you would call the store room. There were three glasses sitting on the counter and they smelled strong with whiskey. There was a jug sitting in the window in the bedroom with one and one-half gallons of whiskey in it, with a siphon in the jug with which to draw the whiskey out. There were several empty bottles in both rooms of the place. That is practically all I know about this case."

The State then offered in evidence a jug of whiskey, a siphon, drinking glasses, and a bottle of whiskey, which were identified as the articles referred to in the testimony of the witnesses.

At the close of the evidence for the State, the defendant moved that the action be dismissed by a judgment as of nonsuit. The motion was denied, and the defendant excepted.

No evidence having been offered by the defendant, the court instructed the jury as follows:

"Gentlemen of the jury, if you believe beyond a reasonable doubt the facts to be as the evidence and testimony of the witnesses tend to show, you will find the defendant guilty."

To this instruction the defendant in apt time excepted.

The jury returned a verdict of guilty. From judgment that he be confined in the county jail for a term of six months, and assigned to work on the State highways, as provided by law, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*Cooley & Bone for defendant.*

CONNOR, J. The evidence at the trial of this action was sufficient in its probative force to establish the fact, as alleged in the warrant, that on 11 August, 1935, at the service station located on a highway in Nash County and operated by him, the defendant had in his possession more than a gallon of spiritous or intoxicating liquor. All the facts and circumstances shown by the evidence were sufficient to justify the inference by the jury that the defendant had such liquor in his possession for sale. This was a reasonable and permissive inference without regard to any statutory presumption arising from the quantity of liquor in his possession, under the provisions of C. S., 3379 (2), *S. v. Hammond*, 188

N. C., 602, 125 S. E., 402.  Indeed, what other inference, in the absence of any evidence tending to show the contrary, could a jury of intelligent men of good moral character draw from the facts and circumstances shown by all the evidence?

There was no error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit.  C. S., 4643.

If C. S., 3379, is now and was in force in Nash County on 11 August, 1935, as contended by the State, the fact, as shown by all the evidence, that the defendant had in his possession at said time and place more than a gallon of spiritous liquor, was sufficient in itself to show that the defendant had such liquor in his possession for sale, and was therefore guilty of a violation of the statute.  In such case, there being no evidence tending to explain such possession, and to show that it was lawful, there was no error in the instruction of the court to the jury.  *S. v. Rose,* 200 N. C., 342, 156 S. E., 916.  In *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846, it is said: "It is error for the trial judge to direct a verdict in a criminal action when there is no admission or presumption calling for an explanation or reply from the defendant."  In the instant case, if C. S., 3379, is applicable, there was a presumption that defendant had the liquor in his possession for sale.  There is no evidence tending to show the contrary.

Where all the evidence at the trial of a criminal action, if believed by the jury, shows facts which are sufficient under the provisions of a valid statute in force at the time of the alleged crime and at the time of the trial to establish the guilt of the defendant, and there is no evidence to the contrary, it is not error for the trial judge to instruct the jury that if they believe all the evidence and find the facts to be as the evidence tends to show, they should find the defendant guilty.  In such case, only the credibility of the evidence should be submitted to the jury.  In the instant case, the fact, as shown by all the evidence, that the defendant had in his possession more than one gallon of spiritous liquor at his service station on a highway in Nash County, on 11 August, 1935, was sufficient proof of his unlawful purpose, if C. S., 3379, was then in force in Nash County.

C. S., 3379, is section 2 of chapter 44, Public Laws of North Carolina, 1913, as modified by section 8 of chapter 97, Public Laws of North Carolina, 1915.  It provides that "it shall be unlawful for any person, firm, association, or corporation, by whatever name called, to have or keep in possession, for the purpose of sale, any spiritous, vinous, or malt liquors."  It further provides that proof of the possession of more than one gallon of spiritous liquor at any one time, whether in one or more places, shall constitute *prima facie* proof of a violation of the statute. The statute is constitutional and valid, *S. v. Randall,* 170 N. C., 757, 86 S. E., 1042, and is State-wide in its application.  It is now and has been

at all times since its enactment in full force and effect in Nash County, and in all other counties in this State, unless, as contended by the defendant, it has been repealed, amended, or modified by chapter 493, Public Laws of North Carolina, 1935, known as the Pasquotank County Liquor Control Act.

It is provided in chapter 493, Public Laws of North Carolina, 1935, that if a majority of the qualified voters of Nash County, at an election to be called by the board of county commissioners of said county, and to be held within sixty days from the date of its ratification, shall vote in favor of the sale of intoxicating liquors in said county under the provisions of said act, then and in that event the provisions of Article 8 of chapter 66, of the Consolidated Statutes of North Carolina, Volume III, known as the Turlington Act, shall not apply to Nash County, and that all laws or parts of laws inconsistent with the provisions of said act shall be repealed. There is no provision in said act expressly or by implication repealing, amending, or modifying C. S., 3379, which is not a part of or included within the provisions of the Turlington Act. Only the provisions of the Turlington Act have ceased to apply to Nash County, as the result of the favorable vote in said county with respect to the application of chapter 493, Public Laws of North Carolina, 1935, to said county. There are no provisions of C. S., 3379, which are inconsistent with any provision of chapter 493, Public Laws of North Carolina, 1935. The latter act does not authorize any person to sell or to have in his possession for the purpose of sale, in Nash County, any spiritous, vinous, or malt liquors, which are intoxicating when used as beverages. Only the Nash County Alcoholic Beverage Control Board, composed of three members appointed by the board of county commissioners of said county, may, under the provisions of the act, sell or have in its possession for the purpose of sale spiritous, vinous, or malt liquors, in Nash County.

We are of opinion, and so hold, that C. S., 3379, is now and has been at all times since its enactment in full force and effect in Nash County, notwithstanding the provisions of chapter 493, Public Laws of North Carolina, 1935.

The judgment in this action is affirmed.

No error.

SCHENCK and DEVIN, JJ., dissent on the ground that there was error in the charge of the court. The evidence established only a *prima facie* case for the State, and it should have been left to the jury to say whether it satisfied them beyond a reasonable doubt that the defendant had intoxicating liquor in his possession for the purpose of sale.

CLARKSON, J., concurs in result.