STATE v. LACEY TATE.

(Filed 20 May, 1936.)

**1. Intoxicating Liquor G c—**

The possession of more than one gallon of intoxicating liquor is *prima facie* evidence of possession for the purpose of sale, C. S., 3379, and is sufficient to take the case to the jury on the issue.

**2. Intoxicating Liquor G e—**

C. S., 3379, making the possession of intoxicating liquor by individuals for the purpose of sale unlawful, is not repealed as to New Hanover County by ch. 418, Public Laws of 1935.

STATE *v.* TATE.

**3. Same: Intoxicating Liquor B a—**

The provisions of 3 C. S., 3411 (j), making the possession of intoxicating liquor lawful in certain instances, is repealed in New Hanover County by ch. 418, Public Laws of 1935.

**4. Criminal Law L e—**

A slight inaccuracy in the charge of the court which, when taken with the charge as a whole, is neither misleading nor prejudicial, will not entitle defendant to a new trial.

CLARKSON, J., concurs in result.

APPEAL by defendant from *Williams, J.,* at November Term, 1935, of NEW HANOVER.

Criminal prosecution, tried upon warrant charging the defendant with unlawfully "having in his possession, for the purpose of sale, 1½ gallons of untax-paid whiskey," etc., in violation of the New Hanover County Alcoholic Beverage Control Act, ch. 418, sec. 21, Public Laws 1935.

The record discloses that on 18 October, 1935, two police officers, with search warrant, went to the home of the defendant in New Hanover County and found there three half-gallons of liquor.

The defendant testified that he did not have the liquor for sale, but solely for the purpose of giving his wife a surprise party, and he introduced four witnesses who testified they had been invited to the party.

Verdict: Guilty.

Judgment: Ten months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*R. M. Kermon for defendant.*

STACY, C. J. Under C. S., 3379, which is not in conflict with the New Hanover County Alcoholic Beverage Control Act, ch. 418, Public Laws 1935, and therefore not repealed thereby (*S. v. Langley,* 209 N. C., 178), the possession of more than a gallon of spirituous liquor is *prima facie* evidence of its possession for the purpose of sale. *S. v. Hammond,* 188 N. C., 602, 125 S. E., 402; *S. v. Bush,* 177 N. C., 551, 98 S. E., 281. Hence, the evidence was sufficient to carry the case to the jury and to warrant a conviction. *S. v. Ellis, ante,* 166.

The defendant contends that under the Turlington Act, 3 C. S., 3411 (j), the possession of the liquor in question was lawful. *S. v. Dowell,* 195 N. C., 523, 143 S. E., 133. This statute was expressly rendered inapplicable to New Hanover County by ch. 418, Public Laws 1935.

There was a slight inaccurate statement by the Judge in his charge, but taken as a whole, the *lapsus linguœ* was neither misleading nor prejudicial. The verdict and judgment will be upheld.

No error.

CLARKSON, J., concurs in result.