## STATE v. JACK ATKINSON.

(Filed 4 November, 1936.)

**1. Criminal Law I j—**

A motion to nonsuit under C. S., 4643, will not lie merely for failure of the State to offer evidence in support of a nonessential averment in the indictment, C. S., 4623, when each essential element of the offense is supported by competent evidence.

**2. Intoxicating Liquor G a—Indictment for possession of liquor for sale need not allege that liquor did not bear stamp of A. B. C. Board.**

In an indictment sufficiently charging possession of liquor for the purpose of sale, C. S., 3379, an additional allegation that the whiskey did not bear the stamp of the A. B. C. Board of the county is an allegation of a nonessential fact, and will be regarded as surplusage or as a refinement within the meaning of C. S., 4623, and the State is not required to offer evidence of such additional allegation.

APPEAL by defendant from *Frizzelle, J.,* at March Term, 1936, of PITT.

Criminal prosecution, tried upon warrant charging the defendant with "having in his possession intoxicating liquors for the purpose of sale, and not bearing the stamp of the A. B. C. Board of Pitt County," etc., in violation of the statute.

The record discloses that on 25 December, 1935, two officers went to the home of the defendant and "found a five-gallon jug of liquor, and Jack Atkinson said it was his—corn whiskey."

There was other circumstantial evidence tending to show that the defendant had the liquor for the purpose of sale.

The defendant demurred to the evidence and moved for judgment as of nonsuit under the Mason Act, C. S., 4643, for that no evidence had been offered to support the allegation in the warrant, "and not bearing the stamp of the A. B. C. Board of Pitt County." Overruled; exception.

Verdict: Guilty.

Judgment: Eighteen months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*S. J. Everett for defendant.*

STACY, C. J. The gravamen of the charge against the defendant is, that he kept or had in his possession, for the purpose of sale, spirituous liquors in violation of C. S., 3379. *S. v. Langley,* 209 N. C., 178, 183

S. E., 526. The additional allegation, "and not bearing the stamp of the A. B. C. Board of Pitt County," was unnecessary and may be regarded as surplusage or as a refinement within the meaning of C. S., 4623. "A refinement is understood to be the verbiage which is frequently found in indictments in setting forth what is not essential to the constitution of the offense, and, therefore, not required to be proved on the trial"—*Gaston, J.,* in *S. v. Gallimore,* 24 N. C., 372. The prosecution was under no obligation to offer evidence of a nonessential averment. *S. v. Guest,* 100 N. C., 410, 6 S. E., 253.

In addition to the *prima facie* case, arising from the possession of more than a gallon of spirituous liquors, *S. v. Tate, ante,* 168, there was other circumstantial evidence tending to show its possession for the purpose of sale. *S. v. Rhodes, ante,* 473; *S. v. Hardy,* 209 N. C., 83, 182 S. E., 831. The case was properly submitted to the jury. *S. v. Ellis, ante,* 166.

No error.