STATE v. M. W. EPPS.

(Filed 15 June, 1938.)

1. **Intoxicating Liquor § 9c—Evidence held sufficient for jury on charges of illegal possession for sale and transporting intoxicating liquor.**

Evidence tending to show that defendant was apprehended while driving a car owned by him, that he fled the scene with his companion in the car when it bogged down in the mud, and that three and a half gallons of untaxed liquor was found in the car, *is held* sufficient to be submitted to the jury on the charge of illegal possession of intoxicating liquor for the purpose of sale and on the charge of unlawfully transporting intoxicating liquor, as charged in the bill of indictment.

2. **Criminal Law § 81c—**

When a defendant is charged in two counts in the bill of indictment with separate offenses of the same grade, and the jury returns a verdict of

guilty as to both counts, error in the trial of one count is harmless and does not entitle defendant to a new trial when such error does not affect the verdict on the other count.

**3. Intoxicating Liquor § 4b—**

An instruction to the effect that defendant would be guilty of illegal possession and transportation, whether he was driving or not, if he were present in his car, aiding and abetting his companion, and had in his constructive possession and under his control the intoxicating liquor, is without error, since actual physical possession is not necessary for conviction.

**4. Criminal Law § 34b—**

The fact that defendant fled the scene when his car containing intoxicating liquor was stopped by officers is a competent circumstance to be considered by the jury.

**5. Intoxicating Liquor § 9a—**

An indictment charging defendant with unlawful possession of intoxicating liquor for the purpose of sale, contrary to the form of the statute in such cases made and provided is sufficient, the provisions of N. C. Code, 3379, not having been repealed by ch. 49, Public Laws of 1937.

**6. Intoxicating Liquor § 4e—**

The "A. B. C. Act," ch. 49, Public Laws of 1937, does not repeal the Turlington Act, N. C. Code, 3411, since the two acts are not in conflict, and the later act repeals only prior laws inconsistent therewith, and therefore only provisions of the Turlington Act in conflict with the later act are repealed.

**7. Statutes § 10—**

Repeals by implication are not favored, and a later act will not repeal a former act unless the two are irreconcilable and repeal by implication is necessary, and a general repealing clause in the later act repealing prior acts in conflict therewith, strengthens the application of this rule.

**8. Intoxicating Liquor § 7b—Provisions of Turlington Act in regard to transportation not inconsistent with A. B. C. Act are in effect.**

The transportation of intoxicating liquor for the purpose of sale other than to an Alcoholic Beverage Control Board, and the transportation of intoxicating liquor having the cap or seal on the containers opened or broken, are not permitted by ch. 49, Public Laws of 1937, and therefore the provisions of the Turlington Act in regard to transportation in such cases are still in effect.

**9. Intoxicating Liquor § 9a—**

An indictment for illegal possession and transportation of intoxicating liquor need not negative the conditions under which intoxicating liquor may be possessed for the purpose of sale and may be transported, since the exceptions are matters of defense.

**10. Indictment § 9—**

Provisos which constitute exceptions withdrawing an act from the condemnation of the statute constitute defenses and need not be negatived in the indictment, while provisos which add a qualification without which the act is not condemned by the statute relate to essential elements of the offense which must be set out in the indictment.

**11. Intoxicating Liquor § 9e—Instruction need not charge as to legal transportation when there is no evidence that transportation was legal.**

When defendant relies exclusively upon an alibi, and does not contend or offer evidence that the intoxicating liquor found being transported in his car, he being present, was legal or was being transported legally, the court need not charge upon the exceptions relating to the legal transportation of liquor, the exceptions being matters of defense, and the instruction on the count of transportation being without error, error, if any, on the charge of illegal possession in failing to fully explain the effect to be given C. S., 3379, does not entitle defendant to a new trial.

**12. Criminal Laws § 81c—**

Defendant may not complain that the court failed to instruct the jury in regard to *"prima facie* evidence," the term involved in the case, since such failure, if error, is in defendant's favor, the charge not being in violation of C. S., 564.

**13. Intoxicating Liquor § 1—**

Under the second section of the 21st Amendment to the Federal Constitution, any state can prohibit the transportation or importation of intoxicating liquors into its territory.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Armstrong, J.,* and a jury, at November Term, 1937, of SCOTLAND. No error.

The defendant was indicted on the following bill of indictment:

"State of North Carolina—Scotland County.
    Superior Court, August Term, A.D. 1937.

"The jurors for the State upon their oath present that M. W. Epps, late of the County of Scotland, on the 8th day of April, in the year of our Lord one thousand nine hundred and thirty-seven, with force and arms, at and in the county aforesaid.

*"First Count.* And the jurors for the State upon their oaths do further present that M. W. Epps, late of the aforesaid county, on the said date, with force and arms, at and in said county aforesaid, did willfully and unlawfully have in his possession for the purpose of sale a quantity of spirituous, vinous, fermented, malt liquors and intoxicating bitters, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.

*"Second Count.* And the jurors for the State upon their oaths do further present that M. W. Epps, late of the aforesaid county, on said date, with force and arms, at and in the county aforesaid, did willfully and unlawfully transport a quantity of spirituous, vinous, fermented, malt liquors and intoxicating bitters, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.    Pruette, Solicitor."

The defendant pleaded not guilty.

Lamar Smith, witness for the State, testified, in part: "On the night of 8 or 9 April of this year, I saw the defendant M. W. Epps. I did not know him personally at the time. I was then a deputy sheriff of Scotland County, and Mr. Todd and I had parked out on the road that goes up to Mrs. Cooper's place. As we waited there, we saw this car come up a little way out of the field. It got about as far as from here to the back of the courthouse from where the road comes into the public road, and we cut off our lights, and pulled up pretty close to him, and he stopped, and we did too. I jumped out of the automobile, and started toward his car; and he put it in reverse, and started backing; and I ran up beside the automobile, and shined my flashlight on him. There were just two men in the car. Epps was operating it, and there was just one man with him. They kept backing down the road pretty fast, and I was running along beside the car, and Mr. Todd was coming with his car. It had been raining; the ground was fresh plowed; and he kind of lost control of the car, backed up in the field, and bogged down. He jumped out of the car, and they ran. The car belonged to Epps, and, after the men ran, we found seven half-gallons of bootleg whiskey in the automobile. The next morning I saw the defendant back of the courthouse about eight-thirty o'clock, and he was arrested about ten minutes after that."

F. H. Todd, who was also a deputy sheriff and with Lamar Smith, corroborated him. The defendant did not take the stand in his own behalf, but several witnesses were introduced by him to establish an alibi.

The county of Scotland has not voted under the "A. B. C. Act."

The jury "upon their oath say that the said M. W. Epps is guilty thereof in manner and form as charged in the indictment." The defendant was sentenced: "Shall be confined in the common jail of Scotland County for a period of eleven months, to be assigned to work upon the roads of North Carolina as provided by law. It is further adjudged by the court that the defendant's automobile shall be confiscated and sold by the following order (setting same forth)."

The defendant made several exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*Jennings G. King for defendant.*

CLARKSON, J. At the close of the State's evidence and at the close of all the evidence, the defendant in the court below made motions for judg-

ment as in case of nonsuit. N. C. Code, 1935 (Michie), section 4643. The court below refused these motions and in this we can see no error.

The evidence, as before set forth, was plenary to be submitted to the jury on the bill of indictment containing two counts. The defendant was convicted on both counts.

"In *S. v. Toole,* 106 N. C., 736, it is said: 'There having been a general verdict of guilty on two counts, for offenses punishable alike, it is immaterial to consider, as to the other count, whether there was error committed or not, unless it was such error as might or could effect the verdict of guilty on the second count. . . . If it is a general verdict of guilty upon an indictment containing several counts, charging offenses of the same grade, and punishable alike, the verdict upon any one, if valid, supports the judgment, and it is immaterial that the verdict as to the other counts is not good, either by reason of defective counts, or by the admission of incompetent evidence, or giving objectionable instructions as to such other counts, provided the errors complained of do not affect the valid verdict rendered on this count.' *S. v. Newton,* 207 N. C., 323 (328). Where a verdict refers to only one of several counts in an indictment, it amounts to an acquittal upon counts not referred to. *S. v. Hampton, ante,* 283 (284)." *S. v. Coal Co.,* 210 N. C., 742 (749).

The defendant excepted and assigned error (which cannot be sustained) to the following portion of the charge of the court below: "If the defendant was there in this car—if the car belonged to him or if it didn't belong to him—if he was there aiding and abetting and counseling and advising Goins or any other person in the possession and transportation of this liquor, whether he was driving or not, he would be just as guilty as the person who was driving; that is, he wouldn't actually have to have the liquor on his person, if he had it in his constructive possession or in his car or under his control, he would be guilty, and it would make no difference whether he was driving the car or not."

In *S. v. Davenport,* 156 N. C., 596 (614), is the following: "A person aids and abets when he has 'that kind of connection with the commission of a crime which, at common law, rendered the person guilty as a principal in the second degree. It consisted in being present at the time and place, and in doing some act to render aid to the actual perpetrator of the crime, though without taking a direct share in its commission.' Black's Dict., p. 56, citing Blackstone, 34. An abettor is one who gives 'aid and comfort,' or who either commands, advises, instigates, or encourages another to commit a crime—a person who, by being present, by words or conduct, assists or incites another to commit the criminal act (Black's Dict., p. 6); or one 'who so far participates in the commission of the offense as to be present for the purpose of assisting, if necessary; and in such case he is liable as a principal.' 1 McLain Cr. Law, sec. 199." *S. v. Jarrell,* 141 N. C., 725; *S. v. Cloninger,* 149 N. C., 572;

*S. v. Powell,* 168 N. C., 135; *S. v. Hart,* 186 N. C., 582 (584-5); *S. v. Baldwin,* 193 N. C., 566; *S. v. Ritter,* 197 N. C., 113 (115); *S. v. Anderson,* 208 N. C., 771 (785-6); *S. v. Casey,* 212 N. C., 352 (354); *S. v. Ray,* 212 N. C., 725 (731).

In *S. v. Meyers,* 190 N. C., 239 (243), *Varser, J.,* says: "If the liquor was within the power of the defendant, in such a sense that he could and did command its use, the possession was as complete within the meaning of the statute as if his possession had been actual. The possession may, within this statute, be either actual or constructive." *S. v. Norris,* 206 N. C., 191 (197).

The evidence was to the effect that "the car belonged to Epps, and, *after the men ran,* we found seven half-gallons of bootleg whiskey in the automobile."

In *S. v. Dickerson,* 189 N. C., 327 (331), it is said: "The fact that immediately after the discovery of a crime, the person charged with its commission fled, is admitted as a circumstance to be considered by the jury. *S. v. Nat,* 51 N. C., 114."

The Attorney-General (now a member of this Court), in his able and well prepared brief, says: "Counsel for defendant has raised for the first time the question of whether or not the bill of indictment in this case charges the defendant with an offense. The first count of that bill provides in substance that the defendant did 'willfully and unlawfully have in his possession for the purpose of sale' a quantity of intoxicating liquors. The second count charges that he did 'willfully and unlawfully transport a quantity' of intoxicating liquors." He then goes·on (citing statutes and authorities) and contends that both counts are good under the law now in existence in this State. In this we think he is correct.

*First Count.* Did defendant "willfully and unlawfully have in his possession for the purpose of sale a quantity of spirituous, vinous, fermented, malt liquors and intoxicating bitters, contrary to the form of the statute in such cases made and provided," etc. Under the evidence we think so, and the jury so found.

N. C. Code, 1935 (Michie), section 3379, in part, is as follows: "It is unlawful for any person, firm, association or corporation, by whatever name called, to have or keep in possession, for the purpose of sale, any spirituous, vinous or malt liquors, and proof of any one of the following facts shall constitute *prima facie* evidence of the violation of this section: (1) The possession of a license from the government of the United States to sell or manufacture intoxicating liquors; or (2) the possession of more than one gallon of spirituous liquors at one time, whether in one or more places," etc.

In *S. v. Tate,* 210 N. C., 168 (169), *Stacy, C. J.,* for the Court said: "Under C. S., 3379, which is not in conflict with the New Hanover County Alcoholic Beverage Control Act, ch. 418, Public Laws 1935, and

therefore not repealed thereby (*S. v. Langley,* 209 N. C., 178), the possession of more than a gallon of spirituous liquor is *prima facie* evidence of its possession for the purpose of sale. *S. v. Hammond,* 188 N. C., 602, 125 S. E., 402; *S. v. Bush,* 177 N. C., 551, 98 S. E., 281. Hence, the evidence was sufficient to carry the case to the jury and to warrant a conviction. *S. v. Ellis, ante,* 166." *S. v. Atkinson,* 210 N. C., 661; *S. v. Libby, ante,* 662, is similar to the present case. C. S., 3379, is applicable to all the counties in the State. *S. v. Langley, supra.*

The *Second Count:* Did defendant "willfully and unlawfully transport a quantity of spirituous, vinous, fermented, malt liquors and intoxicating bitters, contrary to the form of the statute in such cases made and provided," etc.? Under the evidence, we think so, and the jury so found.

N. C. Code, *supra,* section 3411 (a): 1. "The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey, . . . by whatever name called, containing one-half of one per centum or more of alcohol by volume, which are fit for use for beverage purposes," etc.

Section 3411 (b): "No person shall manufacture, sell, barter, transport, import, export, deliver, furnish, purchase, or possess any intoxicating liquor except as authorized in this article; and all the provisions of this article shall be liberally construed to the end that the use of intoxicating liquor as beverage may be prevented," etc.

Section 3411 (j): "The possession of liquor by any person not legally permitted under this article to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this article. But it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquor is for the personal consumption of the owner thereof, and his family residing in such dwelling, and of his *bona fide* guests when entertained by him therein."

The above sections are taken from the "Turlington Act," Public Laws 1923, ch. 1. In the *Langley case, supra,* it was held that ch. 493, Public Laws 1935, known as the "Pasquotank Liquor Act" did not repeal sec. 3379, *supra.* Section 25 of the act says: "All laws and parts of laws inconsistent with the provisions of this act are hereby repealed." Ch. 49, Public Laws 1937, known as the "A. B. C. Act," sec. 27, says: "That chapters four hundred eighteen (New Hanover Act) and four hundred and ninety-three be and the same are hereby repealed, except as referred to in this act, and all other laws and clauses of laws in conflict herewith to the extent of such conflict are hereby repealed."

It was urged in the *Langley case, supra,* that the Pasquotank Liquor Act purported to be exclusive and to take care of all situations arising in the counties under the act. *Connor, J.,* for the Court, held otherwise,

saying that the law constituted an extension and, to some extent, modification of the existing law, but that it did not effect a repeal of that law and was State-wide in its application.

In ch. 49, Public Laws of 1937, it is to be noted that there is no clause specifically repealing the Turlington Act or any other provisions of the law relating to intoxicating liquor. Of course, the statute does contain the usual general repealing clause. However, it has been held that such a clause does not operate to repeal an existing act unless the two acts are utterly irreconcilable. Repeals of statutes by implication are not favored, and, to work a repeal, the implication must be necessary. *S. v. Perkins,* 141 N. C., 797; *Bunch v. Comrs.,* 159 N. C., 335; *S. v. Foster,* 185 N. C., 674; *Hammond v. Charlotte,* 205 N. C., 469.

In *S. v. Foster, supra,* at p. 677, it is written: "It is well said, 25 R. C. L., p. 912, 'The common formula in a repealing clause that "all acts and parts of acts in conflict herewith are hereby repealed" implies very strongly that other acts on the same subject are not repealed.' In Black on Interpretation of Laws, 579, p. 351, it is said: 'Repeals by implication are not favored. A statute will not be construed as repealing prior acts on the same subject (in the absence of express words to that effect) unless there is an irreconcilable repugnancy between them, or unless the new law is evidently intended to supersede all prior acts on the matter in hand and to comprise in itself the sole and complete system of legislation on that subject.' "

Chapter 49, Public Laws 1937 (A. B. C. Act), section 14, is as follows: "It shall not be unlawful for any person to transport a quantity of alcoholic beverages not in excess of one gallon from a county in North Carolina coming under the provisions of this act to or through another county in North Carolina not coming under the provisions of this act: *Provided, said alcoholic beverages are not being transported for the purposes of sale,* and provided further that the cap or seal on the container or containers of said alcoholic beverages has not been opened or broken. Nothing contained in this act shall be construed to prevent the transportation through any county not coming under the provisions of this act, of alcoholic beverages in actual course of delivery to any Alcoholic Beverage Control Board established in any county coming under the provisions of this act." We think the A. B. C. Act and the acts in reference to wine and beer repeal the Turlington Act where there is a conflict.

It is urged on behalf of the defendant that both of the counts contained in the bill of indictment are defective, for the reason that they fail to negative the conditions under which intoxicating liquors may be possessed for the purpose of sale and may be transported.

In *S. v. Norman,* 13 N. C., 222 (226), the rule is stated as follows: "We find in the acts of our Legislature two kinds of provisos—the one in the nature of an exception, which withdraws the case provided for

from the operation of the act, the other adding a qualification, whereby a case is brought within that operation. Where the proviso is of the first kind it is not necessary in an indictment, or other charge founded upon the act, to negative the proviso; but if the case is within the proviso it is left to the defendant to show that fact by way of defense. But in a proviso of the latter description the indictment must bring the case within the proviso." *S. v. Blackley,* 138 N. C., 620; *S. v. Connor,* 142 N. C., 700; *S. v. Hicks,* 143 N. C., 689; *S. v. Hicks,* 179 N. C., 733; *S. v. Johnson,* 188 N. C., 591; *S. v. Hege,* 194 N. C., 526; *S. v. Lefler,* 202 N. C., 700.

This problem has arisen in connection with our statutes relative to intoxicating liquors. In *S. v. Wainscott,* 169 N. C., 379, a motion in arrest was made on the grounds that the bill of indictment charging the defendant with the sale of intoxicating liquors failed to allege that he was "other than a druggist." The Court held that this was a matter of defense. This was based upon *S. v. Moore,* 166 N. C., 284, where the Court discussed the rule at length. And in *S. v. Hicks, supra* (179 N. C., 733), it was held that an indictment for selling whiskey is sufficient "without negativing the conditions under which it may be lawfully sold."

No error was committed in connection with the charge of the court below as to transporting illegal liquor. The court stated that, "If the State has satisfied you from the evidence and beyond a reasonable doubt that the defendant did possess and transport intoxicating liquors on this night in question, and you so find beyond a reasonable doubt, it would be your duty to return a verdict of guilty as charged in the bill; but, if the State has failed to so satisfy you, it would be your duty to return a verdict of not guilty." This portion of the charge is correct. The jury understood what defendant was indicted for and the language of their verdict is clear: "Upon their oath say that the said M. W. Epps is guilty thereof in manner and form as charged in the indictment." There is no evidence in the record to show that the whiskey found in the defendant's car was legal or was being transported legally. This was a matter for the defense. As no error was committed relative to this phase of the case, the defendant is not entitled to a new trial, even if it be found that the trial court erred in not explaining the effect to be given C. S., 3379. It is to be remembered that the verdict in this case was general and on both counts. *S. v. Robbins,* 123 N. C., 730; *S. v. Ellis,* 200 N. C., 77; *S. v. Anderson,* 208 N. C., 771. It is to be noted in this connection that the defendant relied entirely upon an alibi, and made no effort to establish that he came within any of the exceptions in the statutes before mentioned. The indictment is not fatally defective and defendant's motion for arrest of judgment is without merit. *S. v. Efird,* 186 N. C., 482; *S. v. Callett,* 211 N. C., 563.

The defendant in his brief says: "As to the charge contained in the bill of possessing intoxicating liquors for the purpose of sale, I very frankly say to the court that I am not entirely satisfied in my own mind that this count is fatally defective. The Act of 1937 seems to contemplate that no person shall sell, or keep for sale, any intoxicating liquors, except those persons expressly authorized in the act. Certainly this was the intent of the members of the General Assembly. If that be the correct construction, then it may be that this count is sufficient, and that it is a matter for the defendant to show, by way of defense, that he was one of that class authorized by law to have intoxicants in his possession for the purpose of sale. This was the ruling of the court under previous statutes which excepted druggists and duly licensed medical depositories from the operation of the law." The defendant's doubt is well founded.

In *S. v. Ellis,* 210 N. C., 166 (168), it is written: "A *prima facie* showing carries the issue to the jury and is sufficient to warrant, but does not compel, a conviction. *S. v. Russell, supra* (164 N. C., 482); *S. v. Barrett, supra* (138 N. C., 630); *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. It is only when the *prima facie* case of the statute is adminiculated by circumstances which point unerringly to the defendant's guilt, and perforce require his conviction, if believed, that a peremptory instruction is permissible. 5 Wigmore on Evidence, sec. 2495. It was on this theory that the instructions were upheld in *S. v. Langley,* 209 N. C., 178, and *S. v. Rose,* 200 N. C., 342, 156 S. E., 916."

The defendant complains that the court below should have charged the law in reference to *prima facie* evidence. If error, the defendant cannot complain, as it was in his favor. The court below did not violate C. S., 564.

The second section of the 21st Amendment to the Constitution of the United States is as follows: "The transportation or importation into any state, territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." Under this section, any state can prohibit the transportation or importation of intoxicating liquors into its territory.

The case was well argued by defendant's attorney—who had an able brief—he was persuasive but not convincing.

In the judgment we find no prejudicial or reversible error.

No error.

SEAWELL, J., took no part in the consideration or decision of this case.